## Commonwealth ex rel. Branam, Appellant, v. Myers.

Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James E. Branam,* appellant, in propria. persona.

*Benjamin H. Renshaw, Jr.* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 17, 1966:

This is an action in habeas corpus which the trial court dismissed after hearing. On appeal, the Superior Court affirmed without opinion. A petition requesting allocatur was then filed with this Court.

Appellant was convicted by a jury of the crimes of aggravated robbery and conspiracy. At trial he was represented by counsel, a member of the Voluntary Defenders' staff of Philadelphia. He was called before the trial court for sentencing before the expiration date of the four-day time limitation allowed for the filing of a written motion for a new trial. Counsel's request for the opportunity to file a formal timely new trial

motion was denied, and a new trial summarily refused by the trial judge, after which sentence was imposed.

In his petition for a writ of habeas corpus, appellant alleges that, immediately after sentence he was "totally abandoned" by his trial counsel; that said counsel failed and refused to pursue any further effort towards securing a new trial or appealing the judgment; that he was not advised of his rights in regard to appellate review; that he was indigent and without funds to secure other counsel to advise him or to file a timely appeal despite a desire to do so. No testimony was offered by the Commonwealth to refute these assertions in the hearing below.

The case is akin to and controlled by *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A. 2d 637 (1966). See also, *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965). It is impossible on the present record to intelligently determine if appellant's rights in regard to appellate review were constitutionally afforded and protected.

The requested allocatur is granted. The order of the Superior Court is reversed, and the order of the court of original jurisdiction is vacated. The case is remanded to the last mentioned court for the purpose of conducting a further hearing in accordance with due process and entering an order thereafter, as the facts may require. If it is determined that appellant's constitutional rights were infringed, the record shall be ordered transferred to the quarter sessions court. Upon transfer, said court shall provide appellant with the assistance of counsel, and hear and determine the merits of the motion for a new trial. If an appeal is filed from the judgment within a reasonable time following disposition of the motion for a new trial, it shall be considered timely in view of the singular circumstances presented.