Commonwealth ex rel. Newsome, Appellant, *v.*
Myers.

Submitted May 23, 1966. Before Bell, C. J., Mus-
manno, Jones, Eagen, O'Brien and Roberts, JJ.

*Vernon L. Newsome,* appellant, in propria persona.

*Leslie B. Handler,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, June 24, 1966:

In 1963, appellant was convicted in a trial by jury of murder in the second degree and sentenced to a term of imprisonment of 10 to 20 years. Throughout the proceedings, appellant, an indigent, was represented by court appointed counsel. No post trial motions were filed or appeal taken from the judgment of conviction or sentence.

Subsequently, appellant filed a petition for a writ of habeas corpus in the court below challenging his conviction, inter alia, on the ground that he was denied his constitutional right to the assistance of counsel on appeal.[1] The petition was dismissed and this appeal followed. For the reasons hereinafter stated, we are of the view that the order of the court below must be vacated and the record remanded for a hearing in light of the decisions of this Court in *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 218 A. 2d 811 (1966); *Commonwealth ex rel. Branam v. Myers,* 420 Pa. 77, 216 A. 2d 89 (1966); *Commonwealth ex rel.*

---

[1] In light of the disposition we make, we do not consider it appropriate to reach the other contentions advanced by appellant.

*Robinson v. Myers,* 420 Pa. 72, 215 A. 2d 637 (1966) ; *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965).

Appellant alleges in his petition that following his conviction, he requested trial counsel to prosecute an appeal, but that counsel refused to do so on the ground that his appointment did not include representation of appellant on appeal.[2] He further contends that lack of knowledge and indigency prevented him from proceeding on his own or from retaining other counsel to press his appeal.

As we have previously stated, the right of an indigent defendant to the assistance of counsel on an appeal as of right, as set forth in the decision in *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), includes, as a necessary incident, the right to the assistance of counsel in the task of taking and perfecting such an appeal. *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 159, 218 A. 2d 811, 812 (1966), and cases cited therein. Appellant, having been convicted of murder, had an absolute right to appellate review by this Court. Act of February 15, 1870, P. L. 15, §1, 19 P.S. §1186; *Commonwealth ex rel. Cunningham v. Maroney,* supra at 159, 218 A. 2d at 812. Under our previous decisions, appellant's failure to take an appeal within the time allowed by law may not preclude the present assertion of that statutory right if such failure resulted from an unconstitutional deprivation of the assistance of counsel. *Commonwealth ex rel. Cunningham v. Maroney,* supra; *Commonwealth ex rel. Branam v. Myers,* 420 Pa. 77, 216 A. 2d 89 (1966) ; *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A. 2d 637 (1966) ; *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A. 2d 613 (1965).

---

[2] It should be noted that under our new Rules of Criminal Procedure, effective January 1, 1965, the appointment of counsel continues through direct appeal. Pa. R. Crim. P. 318(c).

The record reveals that prior to the instant petition, appellant petitioned the court below to permit an appeal nunc pro tunc. Counsel was appointed to represent appellant in the matter. However, after considering the trial record, counsel informed the court that in his opinion there was no ground which would merit an appeal and requested permission to withdraw from the case. Permission was granted and the petition dismissed.

In dismissing the present petition, the court below relied in part on the conclusion of counsel appointed on the nunc pro tunc petition that an appeal was not warranted. The court concluded, therefore, that appellant had been afforded his day in court and that no deprivation had occurred by reason of his failure to obtain appellate review. We do not agree.

It is not our impression that the *Douglas* decision was intended merely to replace counsel for the courts as a screen to determine which cases have sufficient merit to warrant the appointment of counsel for the prosecution of an appeal. In our view, the mere fact that counsel did not consider appellant's prospects on appeal as favorable was not of itself sufficient grounds for holding that appellant's constitutional right to the assistance of counsel on appeal had been fully satisfied. That right embodies more than the right to the assistance of counsel in "meritorious cases"; it embodies the right to representation on appeal if the defendant so desires, whatever the prospects of success may appear to be to the court or counsel. As this Court pointed out in *Commonwealth ex rel. Cunningham v. Maroney*, 421 Pa. 157, 160, 218 A. 2d 811, 813 (1966), "had appellant the funds with which to retain counsel, we do not doubt that he would have been able to indulge his grievances, real or fanciful, on appeal. Appellant was entitled to no less."

Accordingly, we are unable to conclude that appellant may be foreclosed from exercising his constitutional right to representation on appeal merely on the assurance or opinion of counsel that there are no grounds to warrant appeal. Cf. *Commonwealth ex rel. Cunningham v. Maroney*, supra. The right to such assistance, however, as is the case with all constitutional rights, may, under appropriate circumstances, be waived. *Commonwealth ex rel. Robinson v. Myers*, 420 Pa. 72, 76, 215 A. 2d 637, 640 (1966) ; cf. *Henry v. Mississippi*, 379 U.S. 443, 85 S. Ct. 564 (1965) ; *Commonwealth ex rel. Johnson v. Maroney*, 416 Pa. 451, 453-54, 206 A. 2d 322, 323 (1965). Therefore, if appellant waived his right to the assistance of counsel in securing appellate review, his failure to take and perfect an appeal within the time allowed by law precludes him from presently asserting any claim thereto. *Commonwealth ex rel. Robinson v. Myers*, supra.

On the present record, however, we are unable to determine the merits of appellant's claim. Under such circumstances, our only recourse is to remand the case to the court below with directions to hold an evidentiary hearing at which time the circumstances of appellant's failure to take an appeal will be fully explored. Cf. *Commonwealth ex rel. Branam v. Myers*, 420 Pa. 77, 216 A. 2d 89 (1966) ; *Commonwealth ex rel. Robinson v. Myers*, supra; *Commonwealth ex rel. Stevens v. Myers*, 419 Pa. 1, 213 A. 2d 613 (1965).

If the habeas corpus court should conclude, following such hearing, that no denial of appellant's constitutional rights occurred, it shall enter an order dismissing the petition. However, in the event the court determines that his constitutional right to the assistance of counsel on appeal was infringed, it shall enter an order to that effect and transfer the record to the Court of Oyer and Terminer of Dauphin County. Upon such transfer, the Court of Oyer and Terminer of

Dauphin County shall appoint counsel for the purpose of filing and arguing post-trial motions and, if necessary, prosecuting an appeal.

In the event such motions are denied, this Court will permit, on motion of appointed counsel, the docketing of an appeal as if timely filed.

The order of the court below is vacated and the record remanded for proceedings consistent with this opinion.

Mr. Justice COHEN took no part in the consideration or decision of this case.