Commonwealth *v.* Grillo, Appellant.

Argued June 17, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Vincent J. Ziccardi,* Assistant Defender, *Anthony Gilbert Bateman,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Joseph M. Smith,* Assistant District Attorney, with him *Gordon Gelfond,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

446

Opinion by Hoffman, J., September 15, 1966:

On November 10, 1965, appellant, Francis A. Grillo, was tried before Honorable Theodore L. Reimel, sitting without a jury, on charges of burglary, larceny and receiving stolen goods. Appellant, while represented by counsel, was found not guilty on the charges of burglary and larceny and guilty on the charge of receiving stolen goods. No post-trial motions were filed on appellant's behalf. Appellant was sentenced to undergo imprisonment for a term of not less than one nor more than three years at the State Correctional Institution at Philadelphia. This sentence was reconsidered and vacated on December 7, 1965, at which time appellant was sentenced to a term of not less than one nor more than three years in the Philadelphia County Prison.

On January 17, 1966, appellant petitioned this court for leave to file an appeal without payment of the statutory filing fee, and for the appointment of counsel to perfect his appeal. By order of this court dated January 28, 1966, appellant was granted leave to file his appeal in the manner requested. The appeal was filed on February 1, 1966. The Defender Association of Philadelphia was appointed as counsel to perfect this appeal and entered its appearance on March 30, 1966.

In *Commonwealth v. Whiting*, 205 Pa. Superior Ct. 92, 208 A. 2d 1 (1965), no post-trial motions were filed by defendant's counsel prior to sentencing. One month later, having procured new counsel, defendant filed a petition for a rule to show cause why motions for a new trial and in arrest of judgment nunc pro tunc should not be allowed. The lower court concluded that the petition came too late and refused to grant the rule.

On appeal we affirmed the order of the lower court, holding that, "Motions for a new trial must be made prior to sentence . . . . The refusal of a new trial is

not error where the motion therefor is not filed within the time prescribed by the rules of court. . . . Matters not properly raised in the court below may not be invoked on appeal . . . even though they involve constitutional questions. . . ." (p. 95). Appellant's petition for allocatur was refused by the Supreme Court of Pennsylvania, 205 Pa. Superior Court xxxvii (1965).

Since counsel similarly failed to file post-trial motions prior to sentence in the instant case, our decision in *Whiting* would ordinarily require that this appeal be dismissed on the procedural grounds mentioned above. Accordingly, we would not reach appellant's present contentions concerning the sufficiency of the evidence.

In a series of cases arising subsequent to our decision in *Whiting,* however, the Supreme Court of Pennsylvania re-examined the nature of a defendant's right of appeal in criminal prosecutions. In one of these cases, *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 159, 218 A. 2d 811, 813 (1966), the court stated: "It is settled law since the decision in Douglas v. California, supra [372 U.S. 353, 83 S. Ct. 814 (1963)], that an indigent defendant is constitutionally entitled to the assistance of counsel on an appeal as of right. Moreover, it is equally settled that a necessary incident of that right is the assistance of counsel in the task of perfecting such an appeal. Commonwealth ex rel. Branam v. Myers, supra [420 Pa. 77, 216 A. 2d 89 (1966)]; Commonwealth ex rel. Robinson v. Myers, supra [420 Pa. 72, 215 A. 2d 637 (1966)]; Commonwealth ex rel. Stevens v. Myers, supra [419 Pa. 1, 213 A. 2d 613 (1965)]." See also *Commonwealth ex rel. Newsome v. Myers,* 422 Pa. 240, 220 A. 2d 886 (1966). The Court further held that this right attaches regardless of counsel's opinion that there are no grounds to warrant the appeal. "That right embodies more than the right to the assistance of counsel in 'meritorious cases';

it embodies the right to representation on appeal, if the defendant so desires, whatever the prospects of success may appear to be to the court or counsel . . . '[H]ad appellant the funds with which to retain counsel, we do not doubt that he would have been able to indulge his grievances, real or fanciful, on appeal.'" *Commonwealth ex rel. Newsome v. Myers,* supra at 243.

The clear holding of these cases is, therefore, that an accused is entitled to the assistance of counsel in the critical task of taking and perfecting an appeal, unless such right is intentionally and intelligently relinquished. The relevance of these cases to our decision in *Whiting* is apparent, for in *Whiting* we held that a prerequisite to the perfecting of such an appeal is the filing of post-trial motions. The failure to file such motions within the time prescribed by court rule may bar a subsequent appeal by defendant. Thus, a defendant's right to the assistance of counsel in properly perfecting his appeal must, of necessity, include counsel's assistance in the filing of post-trial motions. Consequently, as with the right to representation on appeal, counsel's personal conclusion that the filing of post-trial motions is unwarranted should not foreclose a defendant's right to representation on such motions. Moreover, the decision not to file such post-trial motions, no less than the decision not to file the appeal itself, requires the defendant's intelligent and understanding appreciation of the consequences of such action.

In the instant case appellant, on his own, petitioned the court for leave to file an appeal in forma pauperis within the forty-five day period provided by law. This act alone would tend to indicate that appellant was unaware that his counsel's failure to file post-trial motions foreclosed such an appeal. On our present record, however, we are unable to determine this question. Accordingly, the case is to be remanded to the court

below with directions to hold an evidentiary hearing at which time the circumstances of appellant's failure to file post-trial motions will be fully explored.

If the lower court should conclude, following such a hearing, that no denial of appellant's constitutional rights occurred, it shall enter an order to that effect. In the event, however, that the court determines that appellant's constitutional rights were infringed, it shall enter an order vacating appellant's sentence and granting appellant the right to file post-trial motions nunc pro tunc.[1]

Record remanded for further proceedings consistent with this opinion.

ERVIN, P. J., would affirm the order of the court below.

---

[1] We note that our order in this case differs somewhat from the order of the Supreme Court in *Commonwealth ex rel. Newsome v. Myers*, supra, and in *Commonwealth ex rel. Robinson v. Myers*, supra. In both of those cases post-trial motions had not been filed by the defendants. Although the Supreme Court did not specifically order that the lower courts should pass on these motions nunc pro tunc prior to the docketing of an appeal, we believe that such a procedure is implicit in its opinions. It is our understanding that the Supreme Court has not abandoned the strong policy considerations underlying our *Whiting* decision which require the filing of post-trial motions prior to the taking of an appeal. Certainly, the proper and orderly administration of criminal justice is furthered, in the great majority of cases, by requiring that such motions be filed. Such a procedure offers lower courts the opportunity to rectify their own errors immediately and obviates the delay and expense of appellate review. Moreover, these motions aid in clarifying and framing the issues which are to be raised on appeal.