Commonwealth ex rel. Fink, Appellant, *v.* Rundle.

134

Submitted May 25, 1966. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Grover Frederick Fink, Jr.,* appellant, in propria persona.

*John T. Miller,* First Assistant District Attorney, and *John F. Rauhauser, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, September 27, 1966:

In August 1965, appellant was convicted by jury of voluntary manslaughter and sentenced to a term of im-

prisonment of 6 to 12 years. Although appellant, an indigent, was represented throughout the proceedings by court appointed counsel, no post trial motions were filed and no appeal was taken.

In October 1965, appellant filed certain papers with the court below challenging the validity of his conviction and present confinement. The court, treating the papers before it as a petition for a writ of habeas corpus,[1] dismissed the petition without a hearing. This appeal followed.

Appellant raises numerous contentions in his petition and on this appeal. However, in light of our disposition, we deem it necessary to consider but one.

Appellant contends that court appointed counsel refused to prosecute an appeal from the judgment of conviction or sentence, and that he was therefore deprived of his constitutional right to the assistance of counsel on appeal as set forth in the decision of the Supreme Court of the United States in *Douglas v. California*, 372 U. S. 353, 83 S. Ct. 814 (1963), and the decisions of this Court in *Commonwealth ex rel. Newsome v. Myers*, 422 Pa. 240, 220 A. 2d 886 (1966); *Commonwealth ex rel. Light v. Cavell*, 422 Pa. 215, 220 A. 2d 883 (1966); *Commonwealth ex rel. Cunningham v. Maroney*, 421 Pa. 157, 218 A. 2d 811 (1966); *Commonwealth ex rel. Branam v. Myers*, 420 Pa. 77, 216 A. 2d 89 (1966); *Commonwealth ex rel. Robinson v. Myers*, 420 Pa. 72, 215 A. 2d 637 (1966); and *Commonwealth ex rel. Stevens v. Myers*, 419 Pa. 1, 213 A. 2d 613 (1965).[2]

---

[1] The papers filed pro se in the court below were labeled variously "petition of Error Coram Nobis," "Writ of Certiorari," and "Writ of Habeas Corpus." The court correctly viewed them as together constituting a petition for a writ of habeas corpus. Cf. *Commonwealth ex rel. Goodfellow v. Rundle*, 415 Pa. 528, 532 n.6, 204 A. 2d 446, 448 n.6 (1964).

[2] It should also be noted that appellant's trial occurred after January 1, 1965, the effective date of our new Rules of Criminal

The court below concluded that this allegation did not warrant or require a hearing, since, in its view, the record clearly establishes a waiver by appellant of his right to seek a new trial by post-trial motion or appellate review of his conviction.[3] Implicit in the court's reasoning was the conclusion that appellant had waived the assistance of court appointed counsel for purposes of appeal. In making its determination, the court relied upon the following colloquy, which took place at the time appellant appeared for sentence: "Court: Mr. Fink, I presume you have discussed with your attorneys since the verdict the matter of your appearance for sentence this morning? Defendant: Yes sir. Court: I also presume that they have discussed with you the advisability or inadvisability of requesting a new trial? Defendant: Yes sir. Court: And from your appearance here it would appear you and they have decided that no such motion be filed? Defendant: Yes sir. Court: You are in accord with that decision, are you? Defendant: Yes sir."

However, in our view, this record examination of appellant by the court, although a practice which is to be commended,[4] is insufficient to support the conclu-

Procedure, which provide that the appointment of counsel shall continue through direct appeal. Pa. R. Crim. P. 318(c).

[3] Even though a petition for a writ of habeas corpus may contain allegations which, if true, would support the issuance of the writ, a hearing is not required if the record itself contradicts those allegations. *Commonwealth ex rel. Holben v. Russell*, 418 Pa. 22, 23, 208 A. 2d 861 (1965); *Commonwealth ex rel. Wilson v. Rundle*, 412 Pa. 109, 111, 194 A. 2d 143, 144 (1963); cf. *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 7, 222 A. 2d 918, 922 (1966); *Commonwealth ex rel. Barnosky v. Maroney*, 414 Pa. 161, 199 A. 2d 424 (1964).

[4] The writer of this opinion has often expressed the view that "the price of finality is thoroughness at the trial, sentence and immediate post trial stages. . . . [and that] many of our current problems in the post-conviction area could be avoided if effort were exerted to produce a full record at the time of conviction." Rob-

sion that appellant intentionally relinquished his constitutional right to the assistance of counsel on appeal.

Appellant alleges in his petition, that appointed counsel refused to honor his request to pursue an appeal, and, moreover, that counsel threatened to "quit [the] case" if appellant persisted in seeking an appeal. In the face of these allegations, the recorded colloquy does not remove the possibility that appellant acquiesced in counsel's decision not to file post-trial motions or to appeal solely on the basis of his inability to prosecute an appeal pro se or to obtain the assistance of other counsel. Cf. *Commonwealth ex rel. O'Locke v. Rundle*, 415 Pa. 515, 526 n.18, 204 A. 2d 439, 445

---

erts, Expanding Professional Responsibilities in the Field of Criminal Law, 37 Pa. B.A.Q. 222, 228 (1966). The need for such thoroughness is amply demonstrated by the instant case. Were the record to reveal a more complete examination of appellant regarding his knowledge of his rights and his desire to exercise or waive them, perhaps a hearing at this time to determine whether appellant was aware of his right to the assistance of counsel in filing post-trial motions and on appeal would not be necessary. It is clear that "the responses of an accused before the bar of the court may not be construed as unfavorable to his interest in the absence of clear record language to support such a conclusion." *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa. 515, 526 n.18, 204 A. 2d 439, 445 n.18 (1964). It is the responsibility of trial judges, prosecutors, and even of defense counsel, to see that more complete records of defendants' awareness of their rights are made. Compare the record made by defense counsel in *Commonwealth ex rel. Harbold v. Myers*, 417 Pa. 358, 362-64 nn.10, 11, 207 A. 2d 805, 807-08 nn.10, 11 (1965). In an attempt to fulfill this responsibility the Court of Appeals for the District of Columbia distributes "a brief statement to indigent appellants at the time counsel is appointed, informing them of the nature of the appointed counsel system, the duties and responsibilities of their counsel, and the need for cooperation between client and counsel." *Tate v. United States*, 359 F. 2d 245, 253 n.11 (D.C. Cir. 1966). Perhaps a similar practice by trial courts informing defendants of their right to counsel on appeal under Pa. R. Crim. P. 318(c) will alleviate the problem presented by the instant case.

138

n.18 (1964). We are thus precluded from inferring on this record the intentional abandonment by appellant of the known right to the assistance of appointed coun-sel on appeal required to establish waiver. Cf. *Johnson v. Zerbst*, 304 U. S. 458, 464, 58 S. Ct. 1019, 1023 (1938).

Since the issue of waiver can not conclusively be determined on the basis of the petition and the record, it is clear that appellant is entitled to a hearing on this issue. See *Commonwealth ex rel. Newsome v. Myers*, 422 Pa. 240, 220 A. 2d 886 (1966); *Commonwealth ex rel. Light v. Cavell*, 422 Pa. 215, 220 A. 2d 883 (1966); *Commonwealth ex rel. Cunningham v. Maroney*, 421 Pa. 157, 218 A. 2d 811 (1966); *Commonwealth ex rel. Branam v. Myers*, 420 Pa. 77, 216 A. 2d 89 (1966); *Commonwealth ex rel. Robinson v. Myers*, 420 Pa. 72, 215 A. 2d 637 (1966); *Commonwealth ex rel. Stevens v. Myers*, 419 Pa. 1, 213 A. 2d 613 (1965).

The order of the Court of Common Pleas of York County is reversed and the record remanded for proceedings consistent with this opinion and the orders entered in *Commonwealth ex rel. Newsome v. Myers*, supra; *Commonwealth ex rel. Light v. Cavell*, supra; *Commonwealth ex rel. Branam v. Myers*, supra; *Commonwealth ex rel. Robinson v. Myers*, supra.

Mr. Justice COHEN took no part in the consideration or decision of this case.