# Commonwealth ex rel. Richwine, Appellant, *v.* Russell.

Submitted September 12, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Ronald Gene Richwine,* appellant, in propria persona.

*Richard C. Snelbaker,* District Attorney, for appellee.

OPINION PER CURIAM, October 19, 1966:
Order affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
I respectfully dissent, for two reasons.

## I

Appellant asserts that he was prejudiced before the jury at his original trial, because the jurors were permitted to see him in handcuffs outside the courtroom. On the return of a guilty verdict, he requested his court-appointed counsel to seek a new trial because of that incident. Although his counsel did submit a written motion, she refused to present any argument because she believed that defendant's claim of prejudice was without merit.

The right of an indigent defendant to the effective assistance of counsel is not confined, however, to "meritorious cases." *Commonwealth ex rel. Newsome v. Myers,* 422 Pa. 240, 220 A. 2d 886 (1966). As was said in *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 160, 218 A. 2d 811, 813 (1966), "Had appellant the funds with which to retain counsel, we do

not doubt that he would have been able to indulge his grievances, real or fanciful. . . ."

In my view, appellant was entitled to more than the purely formal submission of his motion in this case. He was entitled to the same vigorous argument which retained counsel would have afforded another, wealthier defendant.

## II

Appellant further asserts that his court-appointed attorney refused to perfect a direct appeal after the denial of his motion for a new trial. It is well settled that an indigent defendant's right of appeal may not be foreclosed through such an unconstitutional deprivation of the assistance of counsel. *Commonwealth ex rel. Newsome v. Myers,* supra.

Accordingly, I would reverse the order of the court below with directions to transfer the record to the court of original jurisdiction, with counsel there to be appointed to argue appellant's post-trial motion. In the event that court should conclude that no new trial is warranted, and upon petition of appointed counsel, I would permit an appeal to be docketed as if timely filed.