March 23, 1967

## Commonwealth ex rel. Carlin, Appellant, *v.* Rundle.

Submitted December 12, 1966. *Kenneth M. Carlin,* appellant, in propria persona; *Arthur L. Piccone,* First Assistant District Attorney, and *Thomas E. Mack,* District Attorney, for appellee.

OPINION PER CURIAM:

The order of the Court of Common Pleas of Luzerne County is vacated and the record is remanded to that

754

court, with directions to hold a hearing to determine if petitioner was deprived of the assistance of counsel in violation of the decision of the Supreme Court of the United States in *Douglas v. California,* 372 U.S. 353 (1963), and the decisions of the Supreme Court of Pennsylvania. See, e.g., *Commonwealth ex rel. Newsome v. Myers,* 422 Pa. 240, 220 A. 2d 886 (1966). Should the hearing court determine that petitioner intelligently and knowingly waived his right to the assistance of counsel on appeal, the petition for post-conviction relief should be denied. Should the hearing court conclude that petitioner did not knowingly and intelligently waive this right, counsel should be appointed to represent petitioner on direct appeal to this Court from judgment of sentence. In that event, this court will permit, on motion of appointed counsel, the docketing of an appeal as if timely filed.

WRIGHT, J., would affirm the order of the court below.