## Commonwealth *v.* Blum, Appellant.

Argued June 19, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Stanford Shmukler,* with him *Alan D. Williams, Jr.,* for appellant.

*Ward F. Clark,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., September 15, 1967:

In this appeal appellant-defendant, Sharon Blum, raises constitutional questions concerning a search made of her person and the propriety of her sentence to the State Industrial Home for Women at Muncy, Pennsylvania. She also questions the sufficiency of the evidence to sustain her conviction on two bills of indictment charging her, inter alia, with armed robbery. The Commonwealth-appellee contends that she is not privileged to raise the issues of the search and the sufficiency of the evidence inasmuch as she failed to file post-conviction motions prior to the time she was sentenced.

Before considering the legality of her sentence we deem it advisable to first determine the propriety of our considering in this appeal the issues relating to the search and the sufficiency of the evidence.

There seems no dispute as to the course this case took, which is stated in appellee's brief as follows:

"Appellant was convicted on October 26, 1966 on two bills of Indictment charging her, inter alia, with armed robbery.

"After the verdict was rendered, appellant's trial counsel, in the presence of the appellant, requested the court for a delay in sentencing so that he might have time to consider the possibility and advisability of filing post-conviction motions. The court agreed to defer sentencing until Friday of that week,[1] and defense counsel advised the court that his client would be present on that day either for sentencing, or, in the event that he should decide to file post-conviction motions, for the purpose of having bail re-set or increased.

"On Friday, October 28, 1966 appellant appeared for sentencing, and prior thereto, her attorney was

---

[1] This was before the expiration of the period allowed by court rule for the filing of such motions. It did not expire until Monday of the following week.

asked by the court if he had discussed with his client and advised her of the various avenues she would have the right to follow and various rights which were afforded to her; and further inquired of her counsel as to whether or not she desired to file any post-conviction motions. Her counsel, at that time, agreed that he had so advised her and that she did not intend to file such motions. He then advised the court that the defendant was ready for sentencing. Before she was sentenced, appellant took the stand herself in an effort to present evidence in mitigation of incarceration.

"Thereupon, the appellant was sentenced to the State Industrial Home for Women at Muncy for an indefinite period.

"On Monday, November 1, 1966, a new attorney filed a motion for a new trial on behalf of the appellant with the Clerk of Quarter Sessions of Bucks County, and in response thereto, the Commonwealth of Pennsylvania obtained a rule to show cause upon the appellant why her motion for new trial should not be dismissed. Responsive pleadings were filed to this petition.

"A hearing was held on December 6, 1966, pursuant to the mandate of Commonwealth v. Grillo, 208 Pa. Superior Ct. 444, at which time the appellant testified and also her trial attorney, one Michael Davis, Esquire. At the conclusion of this hearing, Judge PAUL R. BECKERT, who was also the trial judge, held that appellant's constitutional rights were not infringed by her failure to file post-conviction motions, and she intelligently waived such right and knowingly submitted herself for the imposition of sentencing."

The issue before us for determination is whether a person who has been convicted by a jury may be compelled to come to a decision concerning the filing of post-trial motions prior to the expiration of the period allowed by court rule for that purpose. We are of the

opinion that the time for filing such motions may not be shortened by the action of the trial judge in sentencing the defendant prior to the period so allowed by the rule. Although the appellant, after consultation with her trial attorney, determined not to file such motions and acquiesced in the demands of the court to appear for sentencing prior to the expiration of the allowed period, this should not preclude her from asserting her right to reconsider after consultation with other counsel, and to file them later but within the allowed period. In *Commonwealth v. Senauskas,* 326 Pa. 69, 191 A. 167 (1937), the trial court, following a determination of the degree of crime in a homicide case, sentenced forthwith, giving the defendant no opportunity to file a motion for a new trial.[2] However, four days later a motion for a new trial was filed which the court refused to entertain. Thereafter, in the Supreme Court opinion, it was suggested that the proper procedure would have been to have allowed the defendant to file his post-trial motion nunc pro tunc as before the sentence, and to suspend any sentence that might have been imposed before the motion was disposed of. The Supreme Court also approved the consideration and disposition of such a motion by Judge BROWNSON, whom it had assigned to handle the case after the actions of the trial judge had been questioned. In *Commonwealth v. Mayloy and Keating,* 57 Pa. 291 (1868), which discusses a situation where a monthly term of court ends before a defendant has an opportunity to file post-trial motions following his trial and before the expiration of the term, the Court said, "Prisoners tried within the last four days of the term cannot be deprived of their legal right to the allotted period, to prepare and make their motions for new trials." The Supreme Court therein recognizes that the

---

[2] It is inconceivable that counsel could not have made an oral motion before sentencing.

allotted period is a matter of legal right vested in a defendant to give him time to consider and determine whether or not he has any grounds for filing such a motion. The fact that time is necessary is indicated by the general practice of including in such motions a reservation of the right to file additional reasons after testimony has been transcribed. We see no appreciable distinction between *Senauskas* and the present case in this particular and are of the opinion that this defendant should not have been compelled to make her decision before the allotted time for doing so had expired. If there were errors in the trial through which she was convicted they should be corrected regardless of whether sentence had been imposed forthwith or two days after the verdict. She should not have been compelled to elect to stand on her rights or to waive them prematurely as she was compelled to do in this case. In some jurisdictions, "In the absence of a statute or rule, the court may impose sentence on the defendant before a motion for arrest of judgment or a motion for a new trial has been acted on, and before the time allowed for filing any motion has expired." 21 Am. Jur. 2d Criminal Law §526, page 510. In Pennsylvania a pending motion in arrest of judgment or motion for a new trial should be disposed of before sentencing or in the course of sentencing. 11 P.L.E., Criminal Law, §632, page 184. However, we find no rule or cases which would foreclose the right of a convicted person to have such motion considered by the trial court if timely filed although after the sentence had been imposed.

Therefore, in the light of our conclusion that the defendant is not barred from having her post-trial motion for a new trial considered, we are compelled to remand this case to the lower court with directions to consider and dispose of it. Under *Commonwealth v. Whiting,* 205 Pa. Superior Ct. 92, 208 A. 2d 1 (1965),

we will not consider the issues raised therein until the lower court has passed on them.

Another reason why it would be unreasonable to bar this appellant from having her reasons for a new trial considered is that this would deprive her of securing additional legal advice. In many cases we have afforded an indigent person the right to have post-trial motions considered, and thereafter file an appeal belatedly, after his trial counsel had advised him that it would be futile to do so.[3] We think the same privilege should be extended to one who has the means of selecting his own counsel and that such person should be privileged to have the opinion of more than one adviser in such an important matter.

In the light of our decision to remand this case for consideration of the new trial motion we shall not pass on the other questions raised in this appeal. If the motion is granted and a new trial allowed, these questions become moot. If the motion is discharged and the sentence affirmed by the lower court, then the matter may be brought to our attention on a renewal of this appeal.

This record is remanded to the lower court with directions to consider and dispose of the motion for a new trial filed after the sentence had been pronounced.

———

DISSENTING OPINION BY WRIGHT, J.:

This appellant should not be permitted to play fast and loose with the trial court. On Wednesday, Octo-

———

[3] *Commonwealth ex rel. Newsome v. Myers*, 422 Pa. 240, 220 A. 2d 886 (1966) ; *Commonwealth v. Peake*, 210 Pa. Superior Ct. 133, 231 A. 2d 908 (1967) ; *Commonwealth v. Ballinger*, 208 Pa. Superior Ct. 450, 222 A. 2d 430 (1966) ; *Commonwealth v. Grillo*, 208 Pa. Superior Ct. 444, 222 A. 2d 427 (1966). Also see *Commonwealth ex rel. Branam v. Myers*, 420 Pa. 77, 216 A. 2d 89 (1966) ; and *Commonwealth ex rel. Robinson v. Myers*, 420 Pa. 72, 215 A. 2d 637 (1966), which were remanded for the purpose of determining the issue of waiver in similar situations.

ber 26, 1966, she was convicted on two charges of armed robbery. On Friday, October 28, 1966, she appeared with her trial counsel who informed the court that he had discussed with appellant the rights afforded her and that she did not desire to file post-conviction motions. "The Court: Is that correct, Miss Blum? The Defendant: Yes, Sir". Appellant then took the stand and gave testimony in mitigation of her offenses, following which concurrent sentences were imposed. Contrary to the intimation in the majority opinion, the record (pp. 217a-220a) clearly discloses that the trial judge did not insist upon sentencing immediately after the verdicts,[1] nor was appellant "compelled" to decide concerning the filing of post-trial motions prior to the expiration of the four-day period.

On Monday, November 1, 1966, appellant's present counsel filed a motion for a new trial. The trial judge thereafter conducted an evidentiary hearing in accordance with the mandate of *Commonwealth v. Grillo,* 208 Pa. Superior Ct. 444, 222 A. 2d 427, and found as a fact that appellant had intelligently waived her right to file post-conviction motions. This finding is fully supported by the testimony.

The majority is effecting a drastic and unwarranted change in criminal procedure in this Commonwealth. The law has been well settled that post-conviction motions must be made prior to sentence: *Commonwealth v. Whiting,* 205 Pa. Superior Ct. 92, 208 A. 2d 1. Are sentences imposed within four days of verdict to be henceforth invalid, regardless of the defendant's representations to the court. May a defendant hereafter demand to be sentenced immediately following verdict

---

[1] ". . . because you certainly have the right to consider whether or not there would be good bases and grounds for filing a motion for a new trial, arrest of judgment, and such other motions as you may wish to make".

and then evaluate the sentence imposed and, if dissatisfied, subsequently file post-conviction motions. I vigorously dissent from the order of remand, and would affirm the judgments below.

ERVIN, P. J., and WATKINS, J., join in this opinion.