Commonwealth *v.* Wallace, Appellant.

Argued May 25, 1967. Before BELL, C. J., MUSMAN-NO, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harold N. Fitzkee, Jr.,* with him *Fluhrer, Medill & Shelley,* for appellant.

*P. Nelson Alexander,* Assistant District Attorney, with him *John F. Rauhauser, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, September 26, 1967:

The sole question presented by this appeal under the Post Conviction Hearing Act[1] is whether the court below erred in denying appellant's petition without affording him a hearing in order to determine whether he knowingly and effectively waived his absolute right to appellate review. See, e.g., *Commonwealth ex rel. Robinson v. Myers*, 420 Pa. 72, 215 A. 2d 637 (1966).

In August 1964, appellant was convicted by a York County jury of murder in the first degree. His court-appointed counsel duly filed timely motions for a new trial, but subsequently withdrew them. At the time these motions were withdrawn the following colloquy took place between counsel, appellant and the court: "MR. MORTON: What the district attorney has indicated to the court is correct. Mr. Noll and I have discussed this matter thoroughly with the defendant in this case. We feel his rights in no way are being jeopardized with withdrawal of the motion. We therefore respectfully move the court to withdraw such motion and stand before Your Honor for sentence. THE COURT: Q. Mr. Wallace, you heard what Mr. Shoemaker has said, also what Mr. Morton has said? A. Yes sir. Q. And you discussed this with Mr. Morton and Mr. Noll? A. I have. Q. And they have advised you have they, that the motion should be withdrawn? A. Yes sir. Q. Do you understand what that means? A. Yes sir. Q. What does it mean? A. That there is not enough legal grounds for another trial. I think everything has been gone over. Q. It is your wish as well as their advice to you, is this correct? A. Yes sir. Q. All right. MR. MORTON: I might say for the record, Your Honor, Mr. Wallace indicated to me that the first

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1966).

trial having been such an emotional situation for him he doesn't desire to go through a new trial again in any way, shape or form. Isn't that right? A. That's right. THE COURT: Is there anything you desire to say, Mr. Wallace? A. Your Honor, I am not too good at words. There are a few things I would like to say. I feel as though I had two of the best lawyers in York and I think that they did everything they possibly thought was right. The reason I don't want to go through this new trial, I think everything has been gone over thoroughly and I'd hate to put them through the same thing again. THE COURT: Very well, I think it is quite true your counsel, both Mr. Morton and Mr. Noll, did represent you very capably throughout the trial of the case. We will permit the withdrawal of the motion for a new trial. There was no motion for arrest of judgment, I believe? MR. MORTON: No sir."

In the face of his responses to the court's questioning, we cannot accept appellant's suggestion that he did not realize the consequence flowing from the withdrawal of the post-trial motions. Had he utilized his absolute right to appeal, he undoubtedly would have requested this Court to grant him a new trial. Yet he specifically informed the court below that he believed "there is not enough legal grounds for another trial," and expressed complete satisfaction with the manner in which his attorneys had conducted his trial.

In support of his contention that he was at least entitled to an evidentiary hearing appellant relies upon *Commonwealth ex rel. Fink v. Rundle*, 423 Pa. 133, 222 A. 2d 717 (1966). In *Fink*, the appellant alleged that his court-appointed counsel refused to honor his request for an appeal and threatened to "quit the case" unless he co-operated. In the face of these allegations we held that the cursory record examination of Fink did not remove the possibility that the decision to abandon his appeal resulted from his inability to prosecute

the appeal pro se or obtain the assistance of counsel. Accordingly we ordered the habeas court to hold an evidentiary hearing. The instant petition, however, is not only devoid of any such allegations, but also the recorded colloquy would adequately refute them if made, compare *Commonwealth ex rel. Fink v. Rundle,* 423 Pa. 133, 136-37 n.4, 222 A. 2d 717, 718-19 n.4 (1966).

We believe that on the basis of this recorded colloquy the court below properly denied appellant an evidentiary hearing. This Court is acutely aware of the importance of the accused's absolute right to counsel at both trial and on appeal and has been loathe to infer a waiver of that right in the absence of clear, record language which would support such a conclusion.[2] Nevertheless, for the reasons stated in *Commonwealth ex rel. Harbold v. Myers,* 417 Pa. 358, 207 A. 2d 805 (1965), a defendant, who deliberately and knowingly chooses to bypass the orderly state procedures afforded one convicted of a crime for challenging his conviction, is bound by the consequences of that decision. The record colloquy in this case is not unlike that contained in *Harbold* where we also found an effective waiver of the right to appeal.

Order affirmed.

Mr. Justice JONES and Mr. Justice COHEN took no part in the consideration or decision of this case.

---

[2] See, e.g., *Commonwealth ex rel. Robinson v. Myers,* 427 Pa. 104, 233 A. 2d 220 (1967) (filed today) ; *Commonwealth ex rel. Neal v. Myers,* 424 Pa. 576, 227 A. 2d 845 (1967) ; *Commonwealth ex rel. Newsome v. Myers,* 422 Pa. 240, 220 A. 2d 886 (1966) ; *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A. 2d 637 (1966) ; *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 21-23, 213 A. 2d 613, 624-26 (1965) ; *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439 (1964) ; *Commonwealth ex rel. McCray v. Rundle,* 415 Pa. 65, 202 A. 2d 303 (1964) ; cf. *Commonwealth ex rel. Stevens v. Myers,* 424 Pa. 377, 227 A. 2d 649 (1967) ; *Commonwealth ex rel. Harbold v. Myers,* 417 Pa. 358, 207 A. 2d 805 (1965).