**UNITED STATES of America ex rel. Leonard JORDAN**

v.

**Joseph F. MAZURKIEWICZ, Superintendent.**

**Misc. No. 69–304.**

United States District Court
E. D. Pennsylvania.

Dec. 15, 1969.

**334**

Richard L. Brown, II, Philadelphia, Pa., for plaintiff.

Stewart J. Greenleaf, Norristown, Pa., Asst. Dist. Atty., Montgomery County, for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

On June 15, 1965, Leonard Jordan was tried before a judge and jury on charges of burglary, assault and battery, aggravated assault and battery, assault and battery with intent to kill, assault and battery with intent to ravish, and indecent exposure. After presentation of the evidence the jury returned verdicts of guilty of burglary, aggravated assault and battery, and assault and battery with intent to ravish. No post-trial motions were filed. Defendant was sentenced on July 9, 1965, to ten to twenty years on the burglary bill of indictment and one to seven years on the assault and battery with intent to ravish bill of indictment. These sentences were ordered to run consecutively beginning April 7, 1965. Defendant also received a suspended sentence upon payment of costs on the aggravated assault and battery bill of indictment.

On February 27, 1967, relator was afforded a Post Conviction Hearing Act hearing pursuant to 19 Penna.Stat.Ann. § 1180–1 et seq. At this hearing relator was represented by George C. Corson, Jr., Esq., who had been appointed by the court. As a result of this hearing relator was granted the right to file a motion for new trial and/or in arrest of judgment nunc pro tunc. Thereafter, relator filed a second Post Conviction Hearing Act petition and the court ordered Mr. Corson, who again had been appointed to represent relator, to embody all objections, contentions and factual averments which the defendant wished to assert in favor of his prayer for relief in the amended Post Conviction Hearing Act petition. On April 11, 1967, the court en banc heard argument on the defendant's contentions and motions. At this hearing Mr. Corson raised seven contentions in support of defendant's motions for new trial and arrest of judgment: (1) the maximum sentence prescribed by law for assault and battery with intent to ravish was five years and defendant was sentenced to a maximum of seven years; (2) the evidence was insufficient to sup-

port the charge of assault and battery with intent to ravish; (3) the evidence was insufficient to support defendant's conviction of aggravated assault and battery; (4) the evidence was insufficient to support defendant's conviction of burglary; (5) the complainant's testimony was vague and inconsistent; (6) the Commonwealth utilized perjured testimony to convict the defendant; and (7) defendant's trial counsel, Herbert C. Nelson, Esq., did not give him effective assistance of counsel. In an Opinion and Order dated April 19, 1968, the court upheld defendant's first contention and accordingly reduced the maximum sentence on the assault and battery with intent to ravish charge to the statutory maximum of five years. In all other respects the court dismissed defendant's motion for a new trial and arrest of judgment.

Relator appealed this decision to the Superior Court of Pennsylvania, which court affirmed the Opinion and Order of the Montgomery County Court on February 7, 1969. Relator then appealed to the Supreme Court of Pennsylvania which, on April 9, 1969, entered an Order denying defendant's petition. Relator has exhausted state remedies.

On June 20, 1969, relator filed with this Court a petition for a writ of habeas corpus. This petition raised two issues: (1) that relator is being restrained pursuant to an erroneous sentence; and (2) that he was denied effective assistance of counsel on his appeal to the Superior and Supreme Courts of Pennsylvania from the dismissal of his post-trial motions. This Court appointed Richard L. Brown, II, Esq., to represent relator on his federal habeas corpus petition. Mr. Brown submitted a Supplemental Brief on behalf of petitioner. This brief raised two further issues: (1) deprivation of relator's right to confront witnesses in violation of the Sixth Amendment and (2) denial of relator's effective legal representation at the trial by counsel's failure to file post-trial motions. A hearing was held before this Court on October 24, 1969. Thereafter, on October 31, 1969, the Commonwealth, by

Stewart J. Greenleaf, Esq., Assistant District Attorney for Montgomery County, filed a Brief Contra Defendant's Petition for Writ of Habeas Corpus and Mr. Brown filed a Brief in Reply on November 12, 1969.

Relator's first contention is that he is presently being confined on an erroneous sentence. This allegation stems from the fact that he was originally sentenced by the Honorable Robert W. Honeyman to a term of 1–7 years on Bill of Indictment number 821 whereas at the time the sentence was imposed the statutory maximum for the crime of assault and battery with intent to ravish was 5 years. Relator first raised this argument, through his counsel George C. Corson, Jr., Esq., before the Montgomery County Court sitting en banc at relator's hearing on his post-trial motions. (April 18, 1968). As noted previously the court upheld relator's contention and, in accordance with the statutory provision, reduced the maximum sentence from 7 years to 5 years. Apparently relator now contends that the Montgomery County Court did not have the authority to invalidate only the illegal portion of his sentence, but rather its failure to totally void the entire sentence constitutes a basis for federal habeas corpus relief. There is no case law which supports such an argument. Moreover, the few cases which exist in this area support the opposite conclusion. In Hollon v. Tinsley, 334 F.2d 762 (10th Cir. 1964), a federal court was faced with a similar problem except that in that case the state court had not remedied its original error in sentencing the defendant to serve a term in excess of the maximum provided by state law. The federal court granted the habeas corpus writ, but stayed its effect for 30 days to enable the proper state court to impose a valid sentence. In the instant case the state court has remedied its previous error. Relator cannot complain before this Court that the correction of his sentence, which in fact reduced his time, in any way prejudiced him or deprived him of a right

**336**

which could possibly serve as the basis for the granting of his petition.

■ Relator's contention that he was denied effective legal representation is also without merit. Relator first alleges that he was denied effective assistance of counsel at the April 1968 hearing on his post-trial motions in that his counsel, George C. Corson, Jr., Esq., did not "present all seven allegations assigned in the petition." (Petition p. 5). In reality there were only six contentions raised by the petitioner in his motion filed in propria persona. The seventh "contention" was a request to allow petitioner's counsel to raise additional contentions which he might wish to assert on behalf of relator.[1] Mr. Corson apparently raised two additional grounds, to wit, (1) the sentence on the assault and battery with intent to ravish charge was erroneous, and (2) the evidence was insufficient to support the conviction of assault and battery with the intent to ravish. The Montgomery County Court sitting en banc, decided seven of the eight contentions (five of petitioner's and two of counsel's). It does not appear that counsel argued, nor did the court decide, relator's claim that he was denied his right to confrontation of witnesses in violation of the Sixth Amendment. This Court finds that counsel's representation of defendant at the hearing on his motion in arrest of judgment, carried on under most difficult circumstances, clearly afforded relator effective assistance of counsel. The fact that counsel did not argue a highly questionable claim before that court is not a sufficient basis to support an allegation of ineffective assistance of counsel.

■ Relator also contends that his counsel abandoned him on his appeal from the generally adverse ruling of that court. There is no need to belabor this point.

After the appeal to the Superior Court was initiated, that court, in an Order dated September 27, 1968, ordered the Public Defender's Office of Montgomery County to represent relator on appeal. However, the relator expressly argued against such appointment because "it would be for the sole purpose of delay and against appellant's will" and that he "waived" counsel and "Counsel Is Refused". See Appellant's Argument Against Appointment of Counsel. Relator also waived the appointment of counsel on his appeal to the Supreme Court of Pennsylvania where relator clearly had printed on his Petition for Allowance of Appeal In Forma Pauperis that "Petitioner waives appointment of counsel". There is no question but that relator intelligently and intentionally waived his known right to counsel on appeal. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Commonwealth ex rel. Robinson v. Myers, 420 Pa. 72, 215 A.2d 637 (1966).

■ Relator next alleges that he was denied his right to confront witnesses whose testimony could deprive him of his liberty. This allegation is based on the fact that, in response to an inquiry by the court, counsel for the Commonwealth stated within the hearing of the jury that he intended to call one further witness, a doctor, who would testify " * * * that she was treated and was at the hospital for four days as she testified, and as to her condition when she arrived." (N.T. p. 51); and that this witness was never in fact called. As previously stated, while this contention was raised by relator in his state court petition, it was not argued by counsel nor decided by the Montgomery County Court. However, it merits little attention and therefore can be dismissed without affront to the considerations of comity. United

[1]. Mr. Corson testified at the hearing before this Court, and it is clear from the state court record, that there was a dispute between counsel and relator as to what grounds should be raised at that hearing. Relator refused to sign the pleadings as Mr. Corson had drawn them because he did not feel that they contained all the grounds which he wished to raise. Thereafter relator filed the motion in arrest of judgment in propria persona.

States ex rel. Drew v. Myers, 327 F.2d 174, 183 (3rd Cir. 1964). It is enough to say that the jury had sufficient evidence from the prosecutrix's own testimony to find the defendant guilty of the charges. Miss Mary Hurley testified that she spent four days in the hospital as a result of the incident (N.T. p. 13); that he choked her (N.T. pp. 4, 6); and dragged her all around (N.T. pp. 4, 5, 6). Miss Hurley took the stand and was in fact cross-examined by counsel for defendant. The district attorney's comments were no more specific or detailed than were Miss Hurley's. It is clear that there is no constitutional error.

■ The fourth and final contention of the relator is that his trial counsel was ineffective in that he did not inform relator of his right to make certain post-trial motions. No allegation is now made of ineffective assistance during the trial itself (P.C.H. p. 4; Supplemental Brief pp. 4–7). Relator testified at his Post Conviction Hearing Act hearing that counsel did not inform him that he could file post-trial motions; that he did not independently know that he had such a right; (P.C.H. pp. 13–14) and that if he had known he would have filed them (P.C.H. pp. 17, 21). Herbert C. Nelson, Esq., relator's trial counsel also testified at that hearing that he did not recall discussing the matter of post-trial motions with the defendant. Mr. Nelson went on to testify that "I think I, in my judgment as a lawyer, based upon the trial which we had just gone through, felt that I was doing the right thing for this defendant." (P.C.H. p. 28) and "I did not think I would have accomplished anything by asking for a new trial at that point." (P.C.H. p. 29). George C. Corson, Jr., Esq., who represented relator at the post-conviction hearing on February 27, 1967, brought to the court's attention several then recent Pennsylvania Supreme Court decisions which had been decided subsequent to the trial of the defendant (June 15, 1965). These cases had expanded the *Douglas* rights (See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).) to include the right to assistance of counsel on appeal, regardless of the prospects of success, as long as the defendant desired it. Commonwealth ex rel. Newsome v. Myers, 422 Pa. 240, 220 A.2d 886 (1966). (Decided June 24, 1966). The post-conviction court, apparently on the basis of this new law, held that relator had not waived his right to assistance of counsel in filing post-trial motions and granted him the right to do so nunc pro tunc. The Court agrees with the Montgomery County Court that relator did not waive his right to counsel at this critical point in the criminal process. However, since the Court finds that this infirmity was remedied by granting relator the right to file post-trial motions nunc pro tunc, we cannot agree with relator's contention that failure of trial counsel to inform him of this right constitutes ineffective assistance of counsel. In fact relator, raising seven contentions, did file a motion for a new trial and a motion in arrest of judgment. These contentions were argued before the Montgomery County Court en banc, and were appealed to both the Superior and Supreme Courts of Pennsylvania. Clearly these facts do not constitute a basis upon which a petition for a writ of habeas corpus may be granted.

The case of Sims v. Balkcom, 220 Ga. 7, 136 S.E.2d 766 (1964), has been brought to the attention of the Court. In that case the Georgia Supreme Court granted the defendant a new trial because he was without counsel from the imposition of the death sentence until after the time to file a motion for a new trial had expired. In *Sims*, the defendant had never been granted the right to make a motion for new trial nunc pro tunc and therefore he had never been able to make such a motion. In our case, relator was given the opportunity to file post-trial motions nunc pro tunc; he filed such motions; and the Montgomery County Court decided the motions. For the above-stated reason this Court does not find the *Sims* case apposite.

## ORDER

And now, to wit, this 15th day of December, A.D. 1969, it is ordered that relator's petition for a writ of habeas corpus be and the same is hereby denied.

There is no probable cause for appeal.

And it is so ordered.