J-S18024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NORMAN WILLIAMS | |
| Appellant | No. 2378 EDA 2016 |

Appeal from the Judgment of Sentence dated March 9, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003573-2015

BEFORE: PANELLA, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.: **FILED DECEMBER 21, 2017**

Appellant Norman Williams appeals from the judgment of sentence imposed after he was convicted of robbery of a motor vehicle, theft by unlawful taking, receiving stolen property, unauthorized use of an automobile (UUA), recklessly endangering another person (REAP), and harassment.[1] We affirm.

On April 19, 2015, Appellant was arrested and charged with the aforementioned crimes, as well as disorderly conduct. Following a trial on September 11 and 14, 2015, in which Appellant was represented by Nathan Criste, Esq., a jury found Appellant guilty of theft by unlawful taking and receiving stolen property, and not guilty of disorderly conduct. The jury was unable to reach a verdict on the charges of robbery of a motor vehicle,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa. C.S. §§ 3702, 3921, 3925, 3928, 2705, and 2709(a)(1).

REAP, and UUA, and the trial court declared a mistrial as to those charges. The court found Appellant guilty of the summary charge of harassment, which had not been submitted to the jury.

The trial court scheduled a jury trial on October 19, 2015 for the charges as to which the first jury had been unable to reach a verdict. At some point prior to October 19, Attorney Criste requested a continuance from the Administrative Judge of Criminal Court, the Honorable Wallace H. Bateman, Jr., while the trial judge, the Honorable Diane E. Gibbons, was on vacation, but Judge Bateman told Criste he must address his request to Judge Gibbons. On October 19, Criste moved for a continuance before Judge Gibbons. He explained that on October 1, 2015, while he was on vacation, the district attorney sent him an e-mail stating that the case had been scheduled for October 19, 2015. Criste said he returned from vacation on October 6, but did not learn about the trial date until Tuesday, October 13, 2015.[2] Criste told Judge Gibbons he wanted more time to obtain the notes of testimony from the prior trial, but acknowledged that he had not yet requested them. Criste also said he wanted more time to prepare for trial. N.T., 10/19/15, at 7-11. In addition, Criste objected to the fact that the trial court and the district attorney scheduled the trial without consulting him. In response, the trial court explained that it had contacted the district attorney's office only to ask if it intended to re-try the

_____

[2] Criste mentioned that October 12 was a holiday (Columbus Day), but he did not explain why he had not read the e-mail prior to October 12.

case. After that, the trial court alone selected the trial date. The court denied Criste's motion for a continuance, reasoning that the case had already been tried once (with Criste representing Appellant) and was not complicated. N.T., 10/19/15, at 11-12.

At the second trial, Criste conceded during his opening statement that Appellant "was attempting to steal [Patrick] Farmer's car on April 19th of 2015." He added: "Now, that charge is theft. And when you steal something and take it into your possession, that is receiving stolen property. Those two charges [Appellant] is guilty of." N.T., 10/19/15, at 28-29. Criste argued that Appellant did not commit the more serious crime of robbery because he did not see Farmer when he entered the car and because he did not use any force. *See id.* at 32-33.

Farmer testified at the second trial that on April 19, 2015, he drove his 1998 Nissan Maxima to a Wawa gas station in Bucks County. He pulled up to an air pump, left his car running, and knelt on the ground to put air in one of his car's tires. While he was on the ground, he heard his car door open and saw Appellant enter his car. Farmer did not know Appellant and did not give Appellant permission to enter his car. Farmer ran around to the driver's side door. Appellant had put the car in reverse and was trying to pull away. Farmer opened the door, climbed into the moving car on top of Appellant, and tried to remove the keys from the ignition. Appellant used his arm to block Farmer and continued driving in reverse while the car door was still open and part of Farmer's body was hanging out of the car. After

approximately fifteen to twenty seconds, Farmer removed the keys and got out of the car. Appellant remained inside the car. Farmer retrieved a baseball bat from his trunk, waived it at Appellant, and told him to get out of the car. Appellant complied. Farmer told him to get on the ground until the police arrived, and he did. After this incident, Farmer called someone to pick him up because he was too shaken to drive.

Officer Mark Dornisch testified that on April 19, 2015, the police received multiple 911 calls regarding a carjacking at the Wawa. Several officers responded and drove to the gas station. Farmer identified Appellant as the perpetrator. Officer Dornisch helped to handcuff Appellant and secure him in a police car.

The prosecutor asked Officer Dornisch, "Did [Appellant] make any statements to you?" Officer Dornisch responded, "No, he did not." N.T., 10/19/15, at 101. Appellant moved for a mistrial, and the court addressed the issue at a sidebar conference. The court denied the motion for a mistrial, but stated that it would give the jury a curative instruction. Appellant requested that the instruction state only that the question was improper and the jury should disregard the answer. He requested that the court not instruct the jury that every defendant has a right not to say anything or that the jury may not consider a person's failure to make a

statement as evidence against him.[3]  When the jury returned, the court gave

the following instruction:

> Okay.  Members of the jury, before we broke, the last question that you heard from [the prosecutor] was a question that was designed to elicit whether or not the defendant made any statements while he was at that Wawa in Bensalem on the date in question.  Mr. Criste objected to that question.  He was absolutely correct to object to that question.  That question is impermissible and I am instructing you now that you must disregard that question and you must disregard the answer to that question.  That question is impermissible and the answer is irrelevant to these proceedings.  So you may not consider that question or the answer to that question for any purpose whatsoever.

N.T., 10/19/15, at 114-15.  The court asked both the prosecutor and Criste

if they wanted any additional instructions; both said they did not.

The Commonwealth also presented the testimony of Officer Alan

Wolfinger, who was the first officer to respond to the crime scene, and a

tape of a 911 call reporting the crime.  At the conclusion of the trial, the jury

found Appellant guilty of robbery of a motor vehicle, REAP, and UUA.

On October 30, 2015, the trial court sentenced Appellant to ten to

twenty years' incarceration for robbery of a motor vehicle.  No further

penalty was imposed for Appellant's other convictions.  Eleven days later, on

November 10, 2015, Appellant filed an untimely post-sentence motion

seeking reconsideration of his sentence.  On November 19, 2015, the trial

---

[3] The court conducted a colloquy to ensure that Appellant agreed with his counsel's request for the wording of the cautionary instruction.  **See** N.T., 10/19/15, at 110-13.

court granted Appellant's request to file the post-sentence motion *nunc pro tunc*. A hearing was scheduled for December 28, 2015. On that date, new counsel entered his appearance for Appellant, and the hearing was continued to give the assistant district attorney time to obtain records from New York regarding Appellant's criminal history. The trial court held the hearing on the post-sentence motion on March 9, 2016. On that date, the court granted Appellant's motion for reconsideration of sentence and imposed a new sentence of six to twenty years' incarceration for robbery of a motor vehicle. Again, no further penalty was imposed for the remaining convictions. At the conclusion of the hearing, the court informed Appellant he had thirty days to file an appeal. N.T., 3/9/16, at 18-19.

On March 14, 2016, new counsel entered his appearance for Appellant and filed another post-sentence motion. In that motion, Appellant claimed that the verdict was against the weight of the evidence and that the trial court abused its discretion in imposing the six- to twenty-year prison sentence. On June 24, 2016, the trial court denied the motion as untimely filed.[4]

On July 25, 2016, Appellant filed a notice of appeal. On September 9, 2016, the trial court filed an opinion in which it concluded that Appellant's

_____

[4] The order denying Appellant's second post-sentence motion was dated June 21, 2016, but was docketed on June 23, 2016, and served on the parties on June 24, 2016. In a criminal case, the date of entry of an order is the date on which the court mails or delivers the order to the parties. Pa.R.A.P. 108(a)(1), (d)(1).

appeal was untimely because it was not filed within 30 days of the March 9, 2016 order disposing of Appellant's first post-sentence motion. Trial Ct. Op., 9/9/16, at 3-4. Accordingly, the court stated that the appeal should be quashed for lack of jurisdiction, and it did not address the merits of Appellant's claims.

Appellant filed a brief in this Court on December 26, 2016, in which he argued, among other things, that the trial court erred by concluding that his appeal was untimely. In its brief, the Commonwealth contended that the appeal should be quashed as untimely but also responded to each of Appellant's substantive claims. Because it appeared that Appellant's appeal might be timely, we directed the trial court to prepare a supplemental opinion addressing the merits of Appellant's issues. The trial court complied with our order.

In this appeal, Appellant raises the following issues, as stated in his brief:

> A. Should the instant appeal be quashed as untimely where counsel filed a Notice of Appeal on behalf of Appellant within the pr[e]scribed 30-days after his post-sentence motions were denied?
>
> B. Did the lower court err by denying Appellant's motion for a continuance where trial counsel was given short notice that the instant matter was placed on the trial list, the lower court and assigned Assistant District Attorney had an *ex parte* telephonic conversation regarding scheduling of the matter, trial counsel did not have sufficient time to order transcripts from an earlier trial, and the lower court gave no basis for its ruling?

C. Did the lower court abuse its discretion by failing to grant trial counsel's motion for a mistrial after a Commonwealth witness intentionally referred to Appellant's post-arrest silence at trial?

D. Was the evidence sufficient to prove robbery of a motor vehicle where the Commonwealth failed to establish that the vehicle was knowingly taken from the owner's presence or that Appellant used force in the commission of the taking?

Appellant's Brief at 5.

## Timeliness of Appeal
(Appellant's Issue A)

First, Appellant claims that the trial court erred in concluding that his appeal was untimely. "The timeliness of an appeal is a question of law. Accordingly, our scope of review is plenary and our standard of review is *de novo*." ***Day v. Civil Serv. Comm'n of Borough of Carlisle***, 931 A.2d 646, 650 (Pa. 2007) (citations omitted). If a notice of appeal is not timely filed, this Court lacks jurisdiction to consider the appeal. ***Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014).

Appellant contends that his notice of appeal was timely because he filed it within 30 days of the trial court's ruling on his second post-sentence motion. Appellant states that the court imposed a new judgment of sentence on March 9, 2016, he had the right to file a post-sentence motion regarding that sentence, and he had thirty days from the ruling on that post-sentence motion to file an appeal.

In concluding otherwise, the trial court reasoned that after it granted Appellant's first post-sentence motion, Appellant was required to seek leave

of court to file a supplemental post-sentence motion, and he did not. **See** Trial Ct. Op., 9/9/16, at 3. In reaching this conclusion, the trial court relied on Rule 720(B)(1)(b) of the Rules of Criminal Procedure, which states: "The defendant may file a supplemental post-sentence motion in the judge's discretion as long as the decision on the supplemental motion can be made in compliance with the time limits of paragraph (B)(3)." Paragraph (B)(3) provides that generally, "the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion." Pa.R.Crim.P. 720(B)(3)(a). The trial court stated that even if Appellant had sought leave of court to file a supplemental motion, the court would not have granted him leave to do so because the court could not have ruled on the second post-sentence motion within the time limits provided in the Rules. **See** Trial Ct. Op., 9/9/16, at 3.

We disagree with the trial court's conclusion that Appellant's March 14, 2016 motion was a "supplemental" motion governed by Pa.R.Crim.P. 720(B)(1)(b). Rather, it was a timely post-sentence motion from the March 9, 2016 judgment of sentence. Under Rule of Criminal Procedure 720, a defendant who wishes to file a post-sentence motion must do so within 10 days after imposition of sentence. Pa.R.Crim.P. 720(A)(1). In **Commonwealth v. Broadie**, 489 A.2d 218, 220 (Pa. Super.), **appeal denied**, 170 WD Allocatur 1985 (Pa. Oct. 21, 1985), we held that "a motion to modify sentence [must] be filed with the sentencing court within ten days

of a modified sentence in order to preserve any sentencing issues." We explained:

> A modified sentence constitutes a new sentence from the date of which the time for filing a notice of appeal will begin to run anew. The same reasons that supported the filing of a modification motion in regard to the original sentence support the filing of such a motion for the new sentence. If the party who filed the original motion is still dissatisfied with the sentence, a second motion gives the sentencing court the first opportunity to modify the new sentence.

*Id.* (citation to former rule omitted); *see Commonwealth v. Levy*, 83 A.3d 457, 467 (Pa. Super. 2013) (holding that failure to file new post-sentence motion after resentencing waived defendant's right to appeal discretionary aspects of sentence).[5] Accordingly, the trial court's entry of a modified sentence on March 9, 2016 constituted a new sentence under *Broadie*. Appellant had ten days from March 9, 2016 to file a post-sentence motion regarding that new sentence, and Appellant complied with that deadline by filing his second post-sentence motion on March 14, 2016.

If a defendant files a timely post-sentence motion, then a notice of appeal must be filed within 30 days of the trial court's ruling on the motion. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a). Appellant's July 25, 2016 notice of appeal was filed within 30 days[6] of the June 24, 2016 order denying

---

[5] A defendant need not file a post-sentence motion if he or she has otherwise preserved the challenge at the sentencing hearing. *See Commonwealth v. Jarvis*, 663 A.2d 790, 792 n.4 (Pa. Super. 1995).

[6] The thirtieth day after June 24, 2016, was Sunday, July 24. Appellant's notice of appeal, filed on Monday, July 25, therefore was timely. *See* Statutory Construction Act, 1 Pa. C.S. § 1908 ("Whenever the last day of

*(Footnote Continued Next Page)*

Appellant's second post-sentence motion.[7] It therefore was timely.

In sum, we hold that Appellant's notice of appeal was timely filed and we have jurisdiction over this appeal.[8]

## Sufficiency of the Evidence for Robbery of a Motor Vehicle
(Appellant's Issue D)

Appellant challenges the sufficiency of the evidence to prove robbery of a motor vehicle. He argues that the Commonwealth failed to establish that he knowingly took the vehicle from Farmer's presence or that he used force.

> A claim challenging the sufficiency of the evidence presents a question of law. We must determine whether the evidence is sufficient to prove every element of the crime beyond a reasonable doubt. We must view evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict.

**Commonwealth v. McFadden**, 156 A.3d 299, 303 (Pa. Super.) (citation omitted), **appeal denied**, 170 A.3d 993 (Pa. 2017).

_(Footnote Continued)_ ───────────

any [period of time referred to in any statute] shall fall on Saturday or Sunday . . . such day shall be omitted from the computation"); Pa.R.Crim.P. 101(C) (Criminal Rules construed in consonance with rules of statutory construction); Pa.R.A.P. 107 (same regarding Appellate Rules).

[7] Although the trial court informed Appellant when he was re-sentenced that he had thirty days to file an appeal, and did not mention the effect, if any, of filing a post-sentence motion, the court's statement is not dispositive. **Cf. Commonwealth v. Blum**, 233 A.2d 613, 615 (Pa. Super. 1967) (holding that trial court may not shorten time for filing post-sentence motions because the period allotted by rule confers a legal right on the defendant).

[8] We recognize that Appellant has elected not to pursue in this appeal the issues he raised in his second post-sentence motion. Appellant's selection of issues does not affect our jurisdictional ruling.

A person commits robbery of a motor vehicle "if he steals or takes a motor vehicle from another person in the presence of that person or any other person in lawful possession of the motor vehicle." 18 Pa. C.S. § 3702(a). This Court has elaborated on the definition as follows:

> [W]e believe that the legislature intended to define the crime of robbery of a motor vehicle, or carjacking, as the taking or exercise of unlawful control over a motor vehicle, from its lawful user, by force, intimidation or fear. The Commonwealth must therefore prove the following elements to establish the commission of this crime: (1) the stealing, taking or exercise of unlawful control over a motor vehicle; (2) from another person in the presence of that person or any other person in lawful possession of the vehicle; and (3) the taking must be accomplished by the use of force, intimidation or the inducement of fear in the victim.

**Commonwealth v. George**, 705 A.2d 916, 919-20 (Pa. Super.), **appeal denied**, 725 A.2d 1218 (Pa. 1998).

In **Commonwealth v. Jones**, 771 A.2d 796 (Pa. Super. 2001), we held that the evidence was sufficient to prove robbery of a motor vehicle where Jones stole a pickup truck while another person, Alfred Terry, was standing in the back of the truck. As to the second element, we explained:

> Clearly [Jones] took the truck in the presence of Terry, who was standing in the open bed of the truck, obvious to all. Appellant, in full flight, obviously did not care about the man in the back; given the testimony, the jury could find appellant saw and heard Terry, but stole the truck from him anyhow, forcing Terry to remain in the back. This establishes that the taking was knowing, and in the presence of the victim.

**Id.** at 798. As to the element of force, we said:

> A pickpocket does not commit robbery, as the victim is unaware of the contact; the taking is thus not accomplished by force. A purse-snatcher, however, is guilty of robbery, as the

- 12 -

victim is aware of the force. There may be no force directed at the purse-snatch victim; indeed, the snatcher may not look at the victim any more than appellant looked at Terry, but the taking is still forcible.

Terry was aware of the taking, and it certainly was accomplished with as much force as accompanies a purse-snatching. That Terry didn't carry the pickup on his arm does not make the taking any less forceful. Force is that of which the victim is aware and by reason of that force, is compelled to part with his property. Such force is made out by these facts. We decline to minimize the seriousness of the offense because the victim sensibly did not manifest more than verbal resistance.

*Id.* at 799 (citations omitted).

Here, the trial court concluded that all of the elements of the crime had been satisfied because, "in the process of stealing the car, [Appellant] became aware of the victim's presence and used physical force against the victim in an attempt to complete the theft." Suppl. Trial Ct. Op., 7/24/17, at 3. We agree. Appellant conceded at trial the first element of the crime, that he stole the car. In addition, we agree with the trial court that, even if Appellant was not aware of Farmer's presence when he entered the car, he became aware of Farmer's presence when Farmer ran to the driver's side door and confronted Appellant. After Farmer confronted him, Appellant continued to drive the car in reverse and used his arm to prevent Farmer from reaching the car keys, all while part of Farmer's body was still hanging out of the car. Appellant's conduct, as described by Farmer at trial, satisfied the element of force. *See Jones*, 771 A.2d at 799. Viewing the evidence in a light most favorable to the Commonwealth, we hold that the evidence was

sufficient to prove each element of the crime of robbery of a motor vehicle beyond a reasonable doubt.

## Motion for a Continuance
(Appellant's Issue B)

Appellant claims that the trial court erred by denying his motion for a continuance.

The trial court correctly set forth our standard of review:

> Appellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

Suppl. Trial Ct. Op. at 3 (quoting ***Commonwealth v. Brooks***, 104 A.3d 466, 469 (Pa. 2014) (quotation marks and citations omitted)).

Appellant contends that the trial court abused its discretion because his "right to prepare his defense outweighed the Commonwealth's need for efficient administration." Appellant's Brief at 26. Appellant avers that his counsel had two reasons sufficient to justify a continuance: his need for transcripts from the first trial and his need for additional time to prepare for the second trial. ***Id.*** at 26-29. Appellant contends that neither the Commonwealth nor the trial court "offered any basis to deny the motion," ***id.*** at 29, and that the denial "was based on nothing except bias and ill will," ***id.*** at 32. As evidence of the court's alleged bias, Appellant cites two

- 14 -

instances in which the trial court stated that it did not want Appellant to delay the case[9] and the alleged *ex parte* conversation between the trial court and the Assistant District Attorney regarding scheduling.

Rule 106 of the Rules of Criminal Procedure states that a court may grant a continuance "in the interests of justice." Pa. R. Crim. P. 106(A). In addition:

> A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant

---

[9] The first instance occurred during oral argument on Appellant's motion *in limine* to preclude the Commonwealth from introducing the 911 recording at the first trial. Criste initially told the court that he objected to the recording because it was hearsay. N.T., 9/10/15, at 3. The court recessed so that it could listen to the recording, and gave both parties the opportunity to submit case law. The next day, the argument on the motion resumed. At that time, Criste argued that the recording was inadmissible hearsay, and then added a second ground for his motion. The trial court stopped him, saying, "Well, next time I come into court and specifically schedule a hearing and say I want to know what the issue is and you say hearsay, I am going to limit you to that objection and not add on as you come up with more ideas." N.T., 9/11/15, at 7-8. The court added, "You two [Criste and the prosecutor] can get together and you can explain to [the prosecutor]. **I am not going to have any further delay in this case by the defense**." *Id.* at 8 (emphasis added). When Criste denied that he had caused any delay, the court responded, "You two get together. I just explained what the delay is. You two get together and decide what it is and see what objections he has to any portions of the 911 call, if the 911 call — if you agree to redact it or we will deal with it that way. If you don't, we will address it during the lunch hour." *Id.* At the lunch break, the parties informed the court that the 911 tape issues had been resolved. *Id.* at 44.

The second incident involved Appellant's decision to wear prison garb during the first trial. After conducting a colloquy outside the presence of the jury, the jury returned and the trial court told it of the colloquy and added: "He has chosen to wear the inmate outfit. **That is his choice and I am not going to delay these proceedings because he made that choice**." N.T., 9/11/15, at 23 (emphasis added).

- 15 -

was not aware of the grounds for the motion, or the interests of justice require it.

*Id.* 106(D). This Court has said:

A bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion. Instead, [a]n appellant must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time. We will not reverse a denial of a motion for a continuance in the absence of prejudice.

*Commonwealth v. Ross*, 57 A.3d 85, 91 (Pa. Super. 2012) (*en banc*)

(citations and footnote omitted, some formatting altered), *appeal denied*,

72 A.3d 603 (Pa. 2013).

In this case, the trial court explained why it denied Appellant's motion

for a continuance:

[D]efense counsel requested a continuance on the day of trial to obtain the notes of testimony from his first trial and to have "more time to prepare the case." This [c]ourt found the basis for the continuance to be inadequate and therefore denied the request. The case did not involve complex legal or factual issues. Only three witnesses were called in the first trial, the victim and the two police officers who arrived on scene. Trial counsel had represented [Appellant] at his first trial and had more than a month to prepare for the second trial. Trial counsel also had sufficient time to obtain the transcript of the first trial which encompassed only 71 pages of testimony. Under these circumstances, the decision to deny [Appellant's] continuance request cannot be deemed to be manifestly unreasonable[,] especially where the Commonwealth had its witnesses present and was prepared.

Suppl. Trial Ct. Op. at 4-5 (footnotes omitted).

After reviewing the trial court opinion, the parties' briefs, and the

record, we conclude that the trial court did not abuse its discretion.

Although Appellant urges this Court to hold that the trial court erred because neither the trial court nor the Commonwealth stated a sufficient basis for denying the continuance, it was Appellant's burden to show that the continuance was necessary. *See Ross*, 57 A.3d at 91 ("[a]n appellant must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time" (citation omitted)). The trial court did not abuse its discretion in holding that Appellant failed to make a sufficient showing.

This case is distinguishable from *Commonwealth v. McAleer*, 748 A.2d 670 (Pa. 2000), and *Ross*, upon which Appellant relies. In *McAleer*, McAleer's attorney was attached for trial in a different county on the day the trial was scheduled to begin, and the court continued the case until the next day. 748 A.2d at 671. The next day, the same situation occurred. *Id.* On the third day, McAleer's lawyer sent another attorney to represent McAleer. *Id.* Upon his arrival, the new attorney received twenty-four pages of discovery and told the court that he was not prepared for trial, as he was unfamiliar with McAleer's case. *Id.* at 671-72. The trial court denied his request for a continuance and conducted the trial that day. *Id.* at 672. The Supreme Court of Pennsylvania concluded that the trial court abused its discretion, holding that by denying the request for a continuance, the trial court had deprived McAleer of the right to counsel of his choice. *Id.* at 673-75. Here, Appellant was not deprived of the right to counsel of his choice. Appellant's attorney was familiar with his case, having represented Appellant

- 17 -

in the first trial, and was not in the same position as the attorney in *McAleer*, who was forced to engage in a trial without having any opportunity to prepare.

Appellant's case also is distinguishable from *Ross*. Ross was charged with first-degree murder, aggravated assault, involuntary deviate sexual intercourse, unlawful restraint, simple assault, false imprisonment, and indecent assault, and faced the possibility of a death sentence. 57 A.3d at 87-88. A public defender was appointed, but Ross was dissatisfied with his representation and hired a private attorney. *Id.* at 88. That attorney entered his appearance two weeks before jury selection was scheduled to begin, and filed several motions for a continuance. He "described in detail his inability to prepare for trial in the time allotted," highlighting "the substantial volume of forensic and factual evidence against Ross." *Id.* The trial court denied Ross' motions for a continuance. In concluding that the court abused its discretion, we emphasized, "[i]n exercising its discretion in a criminal case, the trial court should pay careful attention to the nature of the crimes at issue and the level of intricacy of the evidence to be presented by the parties." *Id.* at 97. Here, Appellant's case was less complicated and involved less serious charges than those in *Ross*. In *Ross*, "the Commonwealth's case was highly circumstantial, highly contested, and based extensively on forensic evidence," *id.* (internal quotation marks and citation omitted), but here the case did not involve evidence of that type.

Finally, the record does not support Appellant's allegation that the trial court was biased and that this bias motivated the court's denial of his motion for a continuance.[10] The trial court's two brief comments about its desire to avoid delay are not evidence of bias. *See Brooks*, 104 A.3d at 469. Additionally, Appellant has not presented evidence to support his allegation of an improper *ex parte* communication between the trial court and the Assistant District Attorney. The trial court explained that it contacted the Assistant District Attorney to ask whether there would be a trial, and the court alone chose the date for the trial. N.T., 10/19/15, at 11-12. Moreover, *ex parte* communications for scheduling or administrative purposes are permissible. *See* 207 Pa. Code Rule 2.9(A).

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in denying Appellant's request for a continuance.

### Motion for a Mistrial
(Appellant's Issue C)

Appellant next claims that the trial court abused its discretion by denying his motion for a mistrial after the prosecutor asked Officer Dornisch whether Appellant made any statements, and Officer Dornisch responded that Appellant did not. Appellant contends that the question and answer

---

[10] Appellant did not claim that the court was biased in his Pa.R.A.P. 1925(b) statement of matters complained of on appeal, and the trial court did not address that claim in its Pa.R.A.P. 1925(a) opinion. Thus, the claim of bias is arguably waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating issues not raised in Pa.R.A.P. 1925(b) statement are waived).

violated his Fifth Amendment right to remain silent and that he was prejudiced.

"Whether to declare a mistrial is a decision which rests within the sound discretion of the trial court, whose exercise thereof will not be reversed absent an abuse of such discretion." ***Commonwealth v. Moury***, 992 A.2d 162, 175 (Pa. Super. 2010) (brackets, quotation marks, and citation omitted).

The trial court explained that it denied Appellant's motion for a mistrial because the court's immediate cautionary instruction cured the erroneous reference to Appellant's silence and because Appellant's admission of guilt with regard to the lesser crimes rendered the error harmless. ***See*** Suppl. Trial Ct. Op. at 7.

The Pennsylvania Supreme Court has explained:

> The accused in a criminal proceeding has a legitimate expectation that no penalty will attach to the lawful exercise of his constitutional right to remain silent. [***Commonwealth v.***] ***Turner***, 454 A.2d [537], 540 [(Pa. 1982)]. Consequently, this court held in ***Turner*** that a defendant cannot be impeached by use of the inconsistency between his silence at the time of his arrest and his testimony at trial. . . .
>
> Following ***Turner***, this court has been consistent in prohibiting the post-arrest silence of an accused to be used to his detriment. However, not all references to post-arrest silence were found to be detrimental to the accused so as to fall within the ambit of the rule of ***Turner***.

***Commonwealth v. Mitchell***, 839 A.2d 202, 212-13 (Pa. 2003) (most citations omitted).

An improper reference to the defendant's silence can be harmless error if "it is clear that the error did not contribute to the verdict." **Mitchell**, 839 A.2d at 214.

> An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict. If there is a reasonable possibility that the error may have contributed to the verdict, it is not harmless. In reaching that conclusion, the reviewing court will find an error harmless where the uncontradicted evidence of guilt is overwhelming, so that by comparison the error is insignificant.

**Id.** at 214–15 (citations and footnote omitted). In addition, a trial court sometimes can cure an impermissible reference to a defendant's post-arrest silence by giving a prompt curative instruction. **See Moury**, 992 A.2d at 176.

> To evaluate whether cautionary instructions can cure a reference to a defendant's post-arrest silence, courts must consider 1) the nature of the reference to the defendant's silence; 2) how it was elicited; 3) whether the district attorney exploited it; and 4) the promptness and adequacy of the cautionary instructions. If the reference to the defendant's post-arrest silence was such that it incurably compromised the jury's objectivity and would deprive the defendant of a fair trial, then the court should grant a mistrial.

**Id.** (quotation marks and citations omitted).

In **Moury**, a police officer testified that after Moury was arrested, he invoked his right to an attorney and did not want to talk to the police. 992 A.2d at 176-77. Moury promptly objected and asked for a mistrial. **Id.** at 177. The trial court denied the motion for a mistrial, but gave a prompt cautionary instruction that the jury could not consider Moury's exercise of his

right to remain silent in determining whether Moury was guilty or not guilty. *Id.* We held that "[g]iven the limited reference to [Moury]'s initial decision to have an attorney present, and the court's prompt response to [Moury]'s objection, . . . the court's cautionary instructions were sufficient to cure any prejudice." *Id.* In addition, we held that the error in referencing Moury's silence was harmless in light of the overwhelming evidence of his guilt, including his admission to significant portions of the crimes with which he was charged. *Id.* at 177-78.

Here, the reference to Appellant's silence was brief,[11] the district attorney did not exploit it, and the trial court gave an adequate and prompt cautionary instruction. We therefore agree with the trial court that its instruction cured any prejudice to Appellant and that a mistrial was not warranted. *See* Suppl. Trial Ct. Op. at 7; *Moury*, 992 A.2d at 177. We also agree that the error in mentioning Appellant's silence was harmless in light of Appellant's admission, in his opening statement, that he was guilty of theft and receiving stolen property. *See* Suppl. Trial Ct. Op. at 7; *Mitchell*, 839 A.2d at 214-15; *Moury*, 992 A.2d at 177-78. Accordingly, we hold that the trial court did not abuse its discretion in denying Appellant's motion for a mistrial. *See Moury*, 992 A.2d at 175.

---

[11] Although the prosecutor did not specifically ask about whether Appellant made any statements *after* he was arrested, the question was ambiguous with regard to the time frame. In such a case, "it is reasonable to assume that the jury would have interpreted the prosecutor's question as embracing [the defendant's] post-arrest silence." *Commonwealth v. Clark*, 626 A.2d 154, 156 (Pa. 1993).

In sum, we hold that Appellant's appeal was timely filed, the evidence was sufficient to prove robbery of a motor vehicle, the trial court did not abuse its discretion by denying Appellant's motion for a continuance, and Appellant was not prejudiced by the reference to his post-arrest silence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/21/2017