Commonwealth ex rel. Stanley, Appellant, *v.*
Myers.

Submitted September 12, 1966. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN,
and SPAULDING, JJ.

*Paul Stanley,* appellant, in propria persona.

*Oscar S. Bortner,* Assistant District Attorney, and
*Ward F. Clark,* District Attorney, for appellee.

Opinion by Spaulding, J., March 23, 1967:

Appellant, Paul Stanley, acting as his own counsel, was convicted of receiving stolen goods. No post trial motions were filed nor was any request made for the assistance of counsel to perfect an appeal. However, appellant did file a habeas corpus petition in forma pauperis alleging a denial of constitutional rights because he was not advised by the trial court of the right or need to file post trial motions in order to take an appeal. The lower court dismissed his petition.[1]

In *Commonwealth v. Whiting,* 205 Pa. Superior Ct. 92, 208 A. 2d 1 (1965), we held that "Matters not properly raised in the court below may not be invoked on appeal . . . even though they involve constitutional questions . . . ." Subsequent to the *Whiting* decision, the Supreme Court in *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 159, 218 A. 2d 811, 812 (1966), stated: "It is settled law since the decision in Douglas v. California, supra, [372 U.S. 353, 83 S. Ct. 814 (1963)] that an indigent defendant is constitutionally entitled to the assistance of counsel on an appeal as of right. Moreover, it is equally settled that a necessary incident of that right is the assistance of counsel in the task of perfecting such an appeal. Commonwealth ex rel. Branam v. Myers, supra, [420 Pa. 77, 216 A. 2d 89 (1966)]; Commonwealth ex rel. Robinson v. Myers, supra [420 Pa. 72, 215 A. 2d 637 (1966)]; Commonwealth ex rel. Stevens v. Myers, supra, [419 Pa. 1, 213 A. 2d 613 (1965)]." An indigent defendant, whose court appointed counsel failed to take an appeal within the required period because in counsel's opinion there was no grounds for appeal, is entitled to a hearing on his own reasons for an appeal. *Com-*

---

[1] Appellant had filed a prior habeas petition, alleging he was unconstitutionally deprived of counsel at trial. The court below dismissed that petition, finding a clear and unequivocal waiver of trial counsel. No appeal was taken from that decision.

monwealth ex rel. Newsome v. Myers, 422 Pa. 240, 220 A. 2d 886 (1966). These cases clearly command that "an accused is entitled to the assistance of counsel in the critical task of taking and perfecting an appeal, unless such right is intentionally and intelligently relinquished." Commonwealth v. Grillo, 208 Pa. Superior Ct. 444, 448, 222 A. 2d 427 (1966).

The question before us is whether this right was intentionally and intelligently relinquished.

Appellee contends the court below had no obligation to inquire into appellant's desire for the appointment of counsel to prosecute post trial motions and appeals. The trial court held that appellant's waiver of trial counsel was presumed to continue into the post trial and appeal stages. Although trial counsel usually advises an accused on post trial proceedings, it does not follow automatically that waiver of trial counsel includes waiver of counsel on appeal.

While a constitutional right may be waived, a waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. Johnson v. Zerbst, 304 U.S. 458, 58 S. Ct. 1019 (1938). It is not to be inferred from a silent record. Commonwealth ex rel. Goodfellow v. Rundle, 415 Pa. 528, 204 A. 2d 446 (1964). In the leading case of Commonwealth ex rel. Stevens, supra, at 22, 23, where defendant alleged his counsel failed to take an appeal because of lack of funds, the Court remanded for a hearing, stating: "Among the questions into which the hearing court should specifically inquire are: whether petitioner was indigent at the conclusion of his trial, whether he was informed of his right to appeal by anyone, whether he independently knew of his right to appeal, whether he desired to appeal, whether he communicated a desire to his trial counsel that he wished to appeal, whether he communicated such a desire to the trial court, and what were the reactions of counsel or the court. This will

present a full record. The hearing court shall then determine whether, directly or indirectly, petitioner was denied the assistance of counsel in perfecting his appeal, whether a denial of counsel was a factor in the failure to take an appeal or whether some other reason was involved which amounted to an intelligent and knowing waiver of the right to appeal and the assistance of counsel."

Under *Stevens,* the trial court could not presume that a waiver of trial counsel included a waiver of counsel on appeal. It was obliged to ascertain whether appellant had effectively waived his right to the assistance of counsel for the perfection of appeal.

The order of the Court of Common Pleas of Bucks County is vacated and the record remanded for proceedings consistent with this opinion.

WRIGHT and WATKINS, JJ., would affirm the order of the court below.