**UNITED STATES of America ex rel. Robert POULSON**

v.

**Alfred T. RUNDLE.**

**Misc. No. 3697.**

United States District Court
E. D. Pennsylvania.

Nov. 8, 1967.

Robert Poulson, in pro. per.

No appearance for respondent.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

The relator has submitted a petition for a writ of habeas corpus, alleging that his conviction was obtained as a result of an involuntarily obtained statement, that he was not informed of his right to remain silent or of his right to counsel, and that he was not afforded the opportunity to confront an accusor.

Regarding the requirement for first having exhausted his state remedies, the relator has demonstrated that he had attempted to appeal his conviction, but that the statutory period for filing had expired before the appeal could be perfected.

It is herein contended that the requirement of the Habeas Corpus Act, 28 U.S.C. § 2254, for first exhausting state remedies has nevertheless been fulfilled, since some attempt has been made to obtain redress within the state judicial system. It is true, as the relator demonstrates, that the rationale behind

the doctrine requiring initial exhaustion of state remedies is to provide the state with the initial opportunity to correct any error which may have arisen during the course of trial. Fay v. Noya, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). It is also correct that once the issues for which review is sought have been presented to the state appellate court, there is no need to pursue the identical issue in a collateral action. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1954).

But here, the state judicial system has never been afforded the opportunity to review the legal issues herein presented, since the relator has indicated that his subsequent state actions were appeals *nunc pro tunc*, which were summarily dismissed. By filing his appeals in an untimely manner, the relator himself precluded any consideration of the merits of his allegations.

Although an examination of the facts herein presented will not demand the conclusion that the relator deliberately by-passed his state remedies under the test which the Supreme Court promulgated in Fay v. Noya, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), it is evident that there has been no showing that the specific contentions herein raised could not have been presented to and considered by the state tribunal.

Under the Pennsylvania Post Conviction Act, 19 P.S.Pa. § 1180–3, a person is eligible for collateral review if he can demonstrate, inter alia, that the error resulting in his conviction and sentence has not been finally litigated or waived. In Commonwealth ex rel. Stanley v. Myers, 209 Pa.Super. 396, 228 A.2d 215 (1967), an indigent defendant whose counsel had failed to take an appeal within the statutory period was entitled to a hearing on the merits of his appeal. Under the circumstances, it was felt that no effective waiver has resulted notwithstanding the lack of an appeal. Assuming therefore, that the relator can establish that he failed to prosecute a timely appeal by reason of the circumstances stated in his petition, he would be en-

titled to review under the Pennsylvania Post Conviction Act. At that time, the requirement for exhaustion of state remedies prior to seeking Federal review would be fulfilled.

Consequently, the petition for a writ of habeas corpus is denied.

It is so ordered.