J-S09007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES ANTHONY GORE | |
| Appellant | No. 1103 MDA 2015 |

Appeal from the Judgment of Sentence May 27, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001756-2014

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 15, 2016**

Appellant, James Anthony Gore, appeals *pro se* from the judgment of sentence entered after his parole was revoked for, among others, threatening the life of his parole officer. After careful review, we remand for a hearing to determine whether Gore has knowingly and intentionally waived his right to counsel on appeal.

Gore was initially arrested after a Pennsylvania State Trooper observed him driving erratically on Interstate 83. After pulling Gore over, the Trooper noticed a strong smell of alcohol coming from Gore, and observed that Gore was confused and disheveled. After a non-jury trial, the trial court convicted Gore of driving under the influence and five associated summary offenses, and imposed a sentence of time served to six months of incarceration.

Gore was immediately paroled, and shortly thereafter was charged with violating the terms of his parole. Specifically, his parole officer, Ryan Laucks, alleged that Gore had failed to report for scheduled appointments, failed to pay court costs and fines, failed to complete a drug and alcohol evaluation, and had threatened to "put a warrant out for [Officer Lauck's] life." Gore failed to attend the scheduled hearing on his violations, and a warrant was issued for his arrest.

Gore was later detained and at the subsequent hearing, he conceded that he had failed to appear at the appointments, failed to pay costs and fines, and failed to complete the drug and alcohol evaluation. **See** N.T., 5/27/15, at 4-5. His only objection to each of these charges was that the requirements were "voluntary acts." **See id**. The trial court found him in violation of his parole, and sentenced him to serve the balance of his original sentence.

Gore subsequently filed a document that the trial court treated as a motion for reconsideration, which it denied.[1] This timely appeal followed. The trial court ordered Gore to file a statement of matters complained of on appeal, and Gore filed a document in response. This document is a rambling diatribe against the trial court, devoid of any rational attempt at forming a coherent argument. To the best of our ability to discern, it does not appear

---

[1] Gore's filing is not included in the certified record before us.

to argue that he was denied a right to counsel at any stage of this proceeding. A review of the certified record does not reveal any explicit waiver of Gore's right to counsel, although there are several references in the transcripts that Gore had previously declared an intent to proceed *pro se*.

At this juncture, there is no indication that Gore wishes to pursue a claim that he was denied his right to counsel during the proceedings in the trial court. However, we note that a court cannot "presume that a waiver of trial counsel included a waiver of counsel on appeal. [A court is] obliged to ascertain whether appellant had effectively waived his right to the assistance of counsel[.]" ***Com. ex rel. Stanley v. Myers***, 228 A.2d 215, 217 (Pa. Super. 1967).

> Moreover, the presumption must always be against the waiver of a constitutional right. Nor can waiver be presumed where the record is silent. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer.

***Commonwealth v. Houtz***, 856 A.2d 119, 122 (Pa. Super. 2004) (citation omitted). In order to knowingly and voluntarily waive a constitutional right, a defendant must be aware of the nature of the right and the risk associated with forfeiting it. ***See Commonwealth v. Rogal***, 120 A.3d 994, 1007 (Pa. Super. 2015).

Here, there is evidence that Gore had the financial means to retain private counsel during the entirety of the litigation in the trial court but failed

to do so. There is also evidence that he wished to proceed *pro se* during the trial and subsequent hearings. However, there is no evidence regarding Gore's ability to afford counsel after he was incarcerated following the revocation hearing, and no evidence that he was aware of his right to counsel on appeal or the risks associated with waiving it. We are therefore constrained to remand this matter to the trial court for a hearing to determine whether Gore has knowingly and voluntarily waived his right to counsel for purposes of appeal.

This hearing must take place within 30 days of remand. At the conclusion of the hearing, the trial court must make explicit findings regarding Gore's ability to pay and whether Gore has knowingly and voluntarily waived his right to counsel. Within five days of the hearing, the trial court must inform this Court of these findings by letter. If the trial court finds that Gore is entitled to counsel on this appeal, all necessary steps should be taken to ensure that a brief is filed with this Court within 30 days.

Case remanded for proceedings consistent with this memorandum. Jurisdiction retained.