J-S09007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES ANTHONY GORE | |
| Appellant | No. 1103 MDA 2015 |

Appeal from the Judgment of Sentence May 27, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001756-2014

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 20, 2016**

Appellant, James Anthony Gore, appeals *pro se* from the judgment of sentence entered after his parole was revoked for, among others, threatening the life of his parole officer. We conclude that Gore's appellate brief fails to meaningfully raise any cognizable legal issues, and therefore quash.

Gore was initially arrested after a Pennsylvania State Trooper observed him driving erratically on Interstate 83. After pulling Gore over, the Trooper noticed a strong smell of alcohol coming from Gore, and observed that Gore was confused and disheveled. After a bench trial, the trial court convicted Gore of driving under the influence and five associated summary offenses, and imposed a sentence of time served to six months of incarceration.

Gore was immediately paroled, and shortly thereafter was charged with violating the terms of his parole. Specifically, his parole officer, Ryan Laucks, alleged that Gore had failed to report for scheduled appointments, failed to pay court costs and fines, failed to complete a drug and alcohol evaluation, and had threatened to "put a warrant out for [Officer Lauck's] life." Gore failed to attend the scheduled hearing on his violations, and a warrant was issued for his arrest.

Gore was later detained and at the subsequent hearing, conceded that he had failed to appear at the appointments, failed to pay costs and fines, and failed to complete the drug and alcohol evaluation. *See* N.T., 5/27/15, at 4-5. His only objection to each of these charges was that the requirements were "voluntary acts." *Id*. The trial court found him in violation of his parole, and sentenced him to serve the balance of his original sentence.

Gore subsequently filed a document that the trial court treated as a motion for reconsideration, which it denied.[1] This timely appeal followed. The trial court ordered Gore to file a statement of matters complained of on appeal, and Gore filed a document in response. This document is a rambling diatribe against the trial court, devoid of any rational attempt at forming a coherent argument. We remanded the case to the trial court to verify that

_____

[1] Gore's filing is not included in the certified record before us.

Gore desired to proceed *pro se* on appeal. **See Com. ex rel. Stanley v. Myers**, 228 A.2d 215, 217 (Pa. Super. 1967).

On remand, the trial court scheduled a hearing in accordance with our memorandum. Gore failed to appear. The trial court issued a bench warrant, and Gore was eventually brought before the court for a hearing. Gore stated that he desired to proceed *pro se*, and further refused to provide the trial court with any financial information beyond the fact that he is self-employed. The trial court found that Gore had knowingly and voluntarily waived his right to counsel on appeal, and returned the case to this Court. **See Commonwealth v. Houtz**, 856 A.2d 119, 122 (Pa. Super. 2004); **Commonwealth v. Rogal**, 120 A.3d 994, 1007 (Pa. Super. 2015).

We note that Gore's brief on appeal contains many substantial defects, which hamper meaningful appellate review of his claims. While Gore's briefs contain most of the necessary headings, the body of each section does not substantially meet the requirements set forth in the Rules of Appellate Procedure. For example, Gore's statement of the case contains significant instances of argument and does not actually contain any reference to the procedural or factual background of this case, in contravention of Pa.R.A.P. 2117(b).

More importantly, Gore's legal argument is woefully underdeveloped. The argument contains no citations to legal authorities, and makes no

attempt to apply any legal authority to the present case or, if present, such attempts are incoherent.  ***See*** Pa.R.A.P. 2119(b).

"When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." ***Giant Food Stores, LLC v. THF Silver Spring Development, L.P.***, 959 A.2d 438, 443 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-943 (Pa. Super. 2006) (citation omitted).

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training. As our supreme court has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***Gesiorski***, 904 A.2d at 942 (citation omitted). As Gore has chosen to proceed *pro se*, he cannot now expect this Court to act as his attorney.

We are therefore compelled to quash this appeal as the numerous and serious defects in the brief prevent us from conducting a meaningful review.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2016