J-S18028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOMO RAKIM BARNETT | : | |
| | : | |
| Appellant | : | No. 1230 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 24, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000462-2022

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: October 28, 2025**

Appellant Jomo Rakim Barnett appeals *pro se* from the judgment of sentence imposed following his convictions for possession of a controlled substance with intent to deliver (PWID), possession of a controlled substance, and possession of drug paraphernalia.[1]  Appellant argues that he was denied the opportunity to inspect the evidence against him, alleges discovery violations, claims that the trial judge should have recused himself, and challenges the trial court's jurisdiction.  We affirm.

The record reflects that on August 26, 2021, Detective Jason Russell of the Erie Police Department was assisting the U.S. Marshalls Fugitive Task Force, which assists law enforcement agencies with arresting fugitives with a

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), (16), and (32), respectively.

history of violence. *See* Trial Ct. Op., Suppression, 6/13/23, at 1. The task force had an arrest warrant for Appellant because he was a parole absconder. *See id.* The task force also had an arrest warrant for a fugitive named Nathan Moffett. *See id.* Both Appellant and Mr. Moffett had been seen at a residence on the 500 block of East 21st Street in Erie, PA. *See id.* The residence is a two-story, multi-unit dwelling. *See id.* Appellant was alleged to be staying in Apartment #1, and Moffett in Apartment #2. *See id.* The residence has several common areas including a basement and entranceway. *See id.* The task force conducted surveillance a day earlier revealing that Appellant was at the residence. *See id.* at 2. On August 26, 2021, Detective Russell went to the residence at Apartment #1. *See id.* A woman named Jessica Mendralla[2] answered the door, and Detective Russell could see Appellant was inside the residence. *See id.* The detective asked Appellant to come outside, and the officers arrested Appellant pursuant to the arrest warrant. *See id.* The task force then conducted a protective sweep for safety and to determine if any other person, including Moffett, was present inside the residence. *See id.* During the protective sweep, Detective Russell saw several bags containing suspected heroin in the bathroom and in the threshold between the dining room and kitchen area. *See id.* The detective then obtained a search warrant

---

[2] This name is also spelled "Jessica Mandulla" and "Jessica Mandrella" in the record. *See* Trial Ct. Op., 6/13/23, Suppression, at 2, 4; Affidavit of Prob. Cause, 8/26/21. However, because this individual testified at trial and spelled her name "M-E-N-D-R-A-L-L-A," on the record in the notes of testimony, we will utilize that spelling in this Memorandum. N.T., Trial, 7/16/24, at 125.

for the residence. *See id.* The bags of suspected heroin and the drug paraphernalia were seized pursuant to the search warrant, and the bags were found to contain heroin. *See id.* at 2, 4; *see also* N.T., Trial, 7/16/24, at 120.

The Commonwealth charged Appellant with PWID, possession of a controlled substance, and possession of drug paraphernalia. *See* Crim. Information, 3/18/22. Prior to trial, Appellant requested to represent himself, and following a *Grazier*[3] hearing, the trial court granted Appellant's request to proceed *pro se* and appointed Michael DeJohn, Esq. of the Erie County Public Defender's Office as stand-by counsel. *See* Waiver of Counsel, 8/29/22; N.T., *Pro Se* Colloquy, 8/29/22, at 3-12; Order, 8/31/22. Additionally, the trial court conducted a second *pro se* colloquy at which Appellant reaffirmed his desire to represent himself at trial. *See* N.T., *Pro Se* Colloquy, 6/7/24, at 4. At the conclusion of the trial, the jury convicted Appellant of all three charges. *See* Verdict Slip, 7/16/24. On September 24, 2024, the trial court sentenced Appellant to a term of 85 to 180 months of incarceration for PWID, and a concurrent term of 6 to 12 months of incarceration for possession of drug paraphernalia. *See* Sentencing Order, 9/24/24. The conviction for possession of a controlled substance merged with PWID for purposes of sentencing. *See*

---

[3] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

*id.* This resulted in an aggregate sentence of 85 to 180 months of incarceration.[4] *See id.*

Appellant filed a timely *pro se* notice of appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.[5, 6]

_____

[4] Appellant filed multiple *pro se* post-sentence motions, which the trial court denied, except that the trial court granted the post-sentence motion in which Appellant requested to preserve recordings of prison telephone calls between Appellant and Ms. Mendralla. *See* Order, 10/2/24.

[5] As noted, Appellant waived his right to counsel at trial. After sentencing, Appellant filed a *pro se* notice of appeal and *pro se* appellate brief. However, Appellant had the right to counsel on appeal, and Appellant's waiver of counsel at trial was not an automatic waiver of his right to counsel on appeal. *See Commonwealth v. Davis*, 573 A.2d 1101, 1107 (Pa. Super. 1990) (citing *Com. ex rel. Stanley v. Myers*, 228 A.2d 215, 216 (Pa. Super. 1967)). Here, the record did not reflect that Appellant specifically waived his right to counsel on appeal. Accordingly, on August 18, 2025, this Court remanded this matter to the trial court for a *Grazier* hearing to determine whether Appellant waived his right to counsel on appeal and wanted this Court to address the issues raised in Appellant's *pro se* appellate brief. *See* Order, 8/18/25. On September 10, 2025, the trial court informed this Court that it had held a *Grazier* hearing via video conference, and that Appellant knowingly, voluntarily, and intelligently waived his right to counsel on appeal and wanted to represent himself. *See* Trial Ct. Response to Order, 9/10/25. Accordingly, Appellant has properly waived his right to counsel on appeal, and we will address the issues Appellant argues in his *pro se* appellate brief.

[6] After this Court remanded this matter to the trial court for a *Grazier* hearing on August 18, 2025, Appellant filed a *pro se* application for relief on August 29, 2025. In the application for relief, Appellant informed this Court that he wanted to waive his right to counsel on appeal and requested that his *Grazier* hearing be held through a video conference. *See* Application for Relief, 8/29/25. After review, Appellant's request to have his *Grazier* hearing conducted in a video conference is DENIED as moot. As stated above, the trial court held a *Grazier* hearing via video conference, concluded that Appellant properly waived his right to counsel on appeal, and Appellant was permitted to proceed *pro se* in this appeal.

On appeal, Appellant presents the following issues:

1. By denying inspection of t[]angible evidence, the court deprived Appellant of any opportunity to test the validity of the conclusion of the Commonwealth expert.

2. The Common[w]ealth['s] failure to disclose its[] promise[]s to the court and Appellant and the manner in which the disclosure was made was a deliberate and willful violation of Pa. R. Crim. P. 573.

3. Where the trial court assured consideration and amendment to suppression of unavailable discovery, yet the record reflects[] no listening of the prison phone call[]s nor interview of witness the trial court abused its[] discretion in not reopening suppression.

4. The goal of Pa.C.J.C. Rule. 211.(A). "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality 'might' reasonably be questioned."

5. Once a notice of appeal is filed on a collateral order the court[']s jurisdiction is divested pursuant to Pa.R.A.P. 1701.

Appellant's Brief at 5 (some formatting altered and some internal citations omitted).[7]

We note that "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.  To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037 (Pa. Super. 2018) (citation omitted).  "[*P*]*ro se* litigants must comply with the procedural rules set forth in the Pennsylvania

_____

[7] The Commonwealth did not file a brief in this appeal.

- 5 -

Rules of Court; if there are considerable defects, we will be unable to perform appellate review." *Id.* at 1038 (citation omitted).

Importantly, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Westlake*, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (citation omitted and formatting altered). Indeed, we will "not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the issue to be waived." *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 884-85 (Pa. Super. 2019) (citations omitted). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review." *Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted); *see also Commonwealth v. Armolt*, 294 A.3d 364, 379 (Pa. 2023) (stating that "mere issue spotting without sufficient analysis or legal support precludes appellate review" (citation omitted)). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (citations omitted).

In his first issue, Appellant argues that the trial court denied him the opportunity to inspect evidence and deprived him of the opportunity to test the conclusions of the Commonwealth's expert. *See* Appellant's Brief at 9-10. Appellant asserts that by denying him the ability to inspect the heroin seized from the residence, he was unable to prepare a defense and properly

cross-examine the Commonwealth's expert witness, and he further asserts that the evidence was planted. *See id.*

Appellant's arguments are merely bald accusations. Appellant has failed to direct this Court's attention to a specific motion or a specific ruling by the trial court preventing or relating to Appellant's inability to inspect evidence, and Appellant has failed to develop an argument with citations to the record that is supported by relevant legal authority. Accordingly, we conclude that Appellant has waived this issue on appeal. *See Westlake*, 295 A.3d at 1286 n.8; *Pi Delta Psi, Inc.*, 211 A.3d at 884-85; *Johnson*, 985 A.2d at 924.

In his second issue, Appellant argues that the Commonwealth failed to disclose certain promises made to Ms. Mendralla in violation of Pa.R.Crim.P. 573. Appellant's Brief at 11-13. Appellant contends that withholding evidence favorable to his defense violated *Brady v. Maryland*, 373 U.S. 83 (1963). *See id.* at 13.

Pa.R.Crim.P. 573 provides in relevant part as follows:

**(B) Disclosure by the Commonwealth.**

(1) *Mandatory*. In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

(a) Any evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth[.]

Pa.R.Crim.P. 573(b)(1)(a). Further, **Brady** requires the Commonwealth to turn over favorable evidence to the defendant when it is material to either the guilt or sentencing phase. **Commonwealth v. King**, 271 A.3d 437, 445 (Pa. Super. 2021) (citing **Brady**, 373 U.S. at 87).

To establish a **Brady** violation, the defendant has the burden of proving: "(1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued." **Id.** at 442 n.4 (citation omitted); **see also Commonwealth v. Murray**, 174 A.3d 1147, 1152 (Pa. Super. 2017) (explaining that defendant bears the burden of proving these three factors).

After review, we conclude that Appellant has failed to develop his argument. As stated above, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Johnson**, 985 A.2d at 924. Appellant baldly claims that Ms. Mendralla's criminal history and cooperation with law enforcement was information favorable to Appellant, affected Appellant's trial strategy, and caused prejudice. **See** Appellant's Brief at 12-13. However, Appellant fails to develop or support these claims. Because Appellant's argument is undeveloped, we

conclude that it is waived on appeal. *See Westlake*, 295 A.3d at 1286 n.8;

*Pi Delta Psi, Inc.*, 211 A.3d at 884-85; *Johnson*, 985 A.2d at 924.[8]

In his third issue, Appellant argues that the trial court erred in failing to allow amendment to discovery at the suppression hearing concerning recorded prison phone calls with Ms. Mendralla. Appellant's Brief at 14-15. Appellant's argument regarding trial court error is difficult to comprehend, and once more, we conclude that the argument is undeveloped. Because Appellant fails to develop a cogent argument supported by relevant authority and citations to the record, we conclude that Appellant has waived this issue on appeal. *See Westlake*, 295 A.3d at 1286 n.8; *Pi Delta Psi, Inc.*, 211 A.3d at 884-85; *Johnson*, 985 A.2d at 924.[9]

---

[8] In its opinion, the trial court noted that during Ms. Mendralla's testimony at trial, the Commonwealth specifically questioned her about the agreement she had with the Erie County District Attorney's Office where the Erie County District Attorney's Office agreed to contact the District Attorney's Office in Crawford County about a separate case involving Ms. Mendralla and let the Crawford County District Attorney's Office know that Ms. Mendralla was cooperating with a heroin investigation in Erie County. *See* Trial Ct. Op., Rule 1925(a), 12/13/24, at 3-4; N.T., 7/16/24, at 135-136. There is no indication that when this information was discussed at trial, that Appellant sought a continuance or other remedy pursuant to Pa.R.Crim.P. 573(E). Further, as noted above, Appellant fails satisfy his burden that there was a *Brady* violation as Appellant fails to develop any argument establishing that he suffered prejudice. *See Johnson*, 985 A.2d at 924; *see also King*, 271 A.3d at 445; *Murray*, 174 A.3d at 1152.

[9] In any event, were we to reach this issue, Appellant fails to indicate how the trial court erred in denying his amended motion for leave to reopen the suppression hearing. Further, we note that the trial court specifically stated that Appellant received a USB drive containing the recorded prison phone calls: "on July 10, 2024, it was Ordered that the Erie County Prison shall allow

*(Footnote Continued Next Page)*

In his fourth issue, Appellant argues that the trial court failed to recuse, and Appellant contends that the trial court and the Commonwealth withheld discovery "to cover up for officer's planting/tampering/stealing narcotic[]s." *See* Appellant's Brief at 16.

Our standard of review is well-settled:

Our Supreme Court presumes judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.

As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion.

A trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or whenever he believes his impartiality can be reasonably questioned. It is presumed that the judge has the ability to determine whether he will be able to rule impartially and without prejudice, and his

_____

the hard drive/USB containing prison calls between [Ms.] Mendralla and Appellant be given to Appellant for purposes of trial." Trial Ct. Op., 12/13/24, Rule 1925(a), at 2-3.

- 10 -

assessment is personal, unreviewable, and final. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion.

*Commonwealth v. Kearney*, 92 A.3d 51, 60–61 (Pa. Super. 2014) (internal citations omitted and formatting altered).

After review, we conclude that Appellant has failed to argue how the trial court abused its discretion in denying the motion to recuse, and further conclude that Appellant's accusation of a court-aided police cover-up is a bald allegation without any support. We are constrained to reiterate that because Appellant has failed to develop an argument supported by relevant authority and citations to the record, Appellant has waived this issue on appeal. *See Westlake*, 295 A.3d at 1286 n.8; *Pi Delta Psi, Inc.*, 211 A.3d at 884-85; *Johnson*, 985 A.2d at 924.[10]

In his final issue on appeal, Appellant argues that, pursuant to Pa.R.A.P. 1701, the trial court was divested of jurisdiction after Appellant filed an interlocutory appeal from a pre-trial order on July 12, 2024, which was

_____

[10] In its opinion, the trial court reached a similar conclusion and stated:

As to Appellant's claim regarding this court's refusal to recuse itself, at the time of Appellant's September 24, 2024, sentencing, the court set forth on the record that [Appellant's] motion to recuse was denied. [*See* N.T., 9/24/24, at 11-12.] Appellant has not asserted any argument or caselaw in support of his claim that the Court erred in not granting the motion to recuse.

Trial Ct. Op., 12/13/24, Rule 1925(a), at 3 (some formatting altered).

docketed at 847 WDA 2024.  **See** Appellant's Brief at 18-19.[11]  We conclude

that this claim is meritless.

In the appeal at Superior Court docket 847 WDA 2024, this Court filed

a *per curiam* order on February 28, 2025, stating that Appellant failed to

establish that the July 12, 2024 interlocutory pre-trial order was appealable,

_____

[11] The pre-trial order that Appellant sought to appeal at 847 WDA 2024 read
as follows:

> A status conference / hearing was held on July 8, 2024.  Following
> the hearing, it is hereby ORDERED as follows:
>
> 1. Any body-camera footage, if it exists, shall be provided to
>    [Appellant] forthwith.   (The court notes that the
>    Commonwealth has steadfastly indicated that no body-camera
>    footage exists).
>
> 2. [Appellant's] motion in limine is denied, in that all discovery
>    has been provided to [Appellant], according to the
>    Commonwealth.
>
> 3. [Appellant's] request for "the production of the physical
>    evidence to be weighed and tested at an independent
>    laboratory" is denied.
>
> 4. The Commonwealth shall investigate whether witness Jessica
>    Mendralla is available for trial.  If she is, the Commonwealth
>    will make arrangements to have her at [Appellant's] trial.
>    [Appellant's] request to depose her before trial is denied.
>
> Wherefore, [Appellant's] motion in limine is denied.

Trial Ct. Order, 7/9/24.

and quashed the appeal at 847 WDA 2024 *sua sponte*. **See** Order (847 WDA 2024), 2/28/25.[12]

After review, we conclude that Appellant's interlocutory appeal at 847 WDA 2024 did not divest the trial court of jurisdiction to proceed in this matter. Our Rules of Appellate Procedure provide that after an appeal is taken, the trial court may "[p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order." Pa.R.A.P. 1701(b)(6). As stated above, the pre-trial order entered on July 12, 2024, which Appellant appealed at 847 WDA 2024, was interlocutory, and this Court quashed the appeal. **See** Order (847 WDA 2024), 2/28/25. Accordingly, Appellant's argument is meritless, and the trial court did not lose jurisdiction to proceed in this matter when Appellant filed the appeal at 847 WDA 2024. **See** Pa.R.A.P. 1701(b)(6).

For the reasons set forth above, we conclude that Appellant is not entitled to relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

---

[12] The February 28, 2025 order quashing the Appellant's appeal at 847 WDA 2024 was not included in the certified record in the instant appeal. However, we note that Appellant filed a petition for allowance of appeal to the Pennsylvania Supreme Court from the February 28, 2025 order quashing the appeal at 847 WDA 2024 incorporating the February 28, 2025 order by reference, and the petition for allowance of appeal was included in the certified record in the instant appeal as a supplemental record on April 17, 2025.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/28/2025